DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**AMERICAN PLASTIC EQUIPMENT, INC.,**

        **Plaintiff,**        Civil Action

v.        No. 07-2253-DJW

**TOYTRACKERZ, LLC, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Sanctions (doc. 22). Defendants' Motion is actually comprised of three motions: (1) a motion to dismiss for failure to state a claim;[1] (2) a motion to dismiss for lack of subject matter jurisdiction based on Plaintiff's alleged lack of standing; and (3) a motion for sanctions pursuant to 28 U.S.C. § 1927.

**I.**        **Background Information**

Plaintiff brings this action against Toytrackerz, LLC ("Toytrackerz") and Noah Coop ("Defendants") for copyright infringement, trademark infringement, dilution, trade dress infringement, cybersquatting, and unfair competition. Count I alleges copyright infringement under 17 U.S.C. § 501.

---

[1] Although Defendants' Motion is entitled "Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Sanctions," the Court construes a portion of Defendants' motion to be seeking dismissal for failure to state a claim, as Defendants expressly request that Count I be dismissed for failure to state a claim. Defendants state in their Motion: "For the reasons set forth in the attached memorandum, Defendant[s] respectfully request[] the following relief: 1. Dismissal of Count I for failure to state a claim. 2. Dismissal of Count I for lack of standing." Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction (doc. 22) p. 4.

Defendants seeks to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to plead its claim with the specificity necessary to establish copyright infringement. Defendants also seek to dismiss Count I pursuant to Rule 12(b)(1) on the basis that Plaintiff lacks standing to assert copyright infringement, and this Court therefore lacks subject matter jurisdiction.

## II.     Motion to Dismiss for Failure to State a Claim

### A.     Summary of the Parties' Arguments

Defendants maintain that Count I of Plaintiff's Complaint should be dismissed for failure to state a claim because Plaintiff fails to allege its claim with the specificity necessary to establish "that it has valid registrations issued by the United States Copyright Office and provide specific information about these registrations" for the disputed copyrights.[2] Plaintiff counters that its Complaint is sufficient under Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."[3]

### B.     Standard for Ruling on a Motion to Dismiss for Failure to State a Claim

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in the complaint and views them in a light most favorable to plaintiffs.[4] Although Rule 12(b)(6) does not require detailed factual allegations, the complaint must set forth the grounds of the plaintiff's entitlement to relief through more than labels, conclusions,

---

[2] Defs.' Mem. in Supp. of Mot. to Dismiss for Lack of Subject Matter Jurisdiction at p. 5.

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

and a formulaic recitation of the elements of a cause of action.[5]  In other words, a plaintiff must allege facts sufficient to state a claim that is plausible — rather than merely conceivable — on its face.[6]

In ruling on a Rule 12(b)(6) motion to dismiss, the court must make all reasonable inferences in favor of the plaintiff.[7]  The court, however, need not accept as true those allegations that state only legal conclusions.[8]  Although a plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that it must prove.[9]  Finally, a court's function in ruling on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial or to determine whether the plaintiff will prevail, but to determine whether the plaintiff is entitled to offer evidence to support its claims.[10]

### C. The Pleading Requirements for Copyright Infringement Claims

Complaints in copyright infringement actions must comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure, which governs pleadings generally.[11]  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to

---

[5]*Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007).

[6]*Id.*

[7]*Zinermon*, 494 U.S. at 118; *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993).

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]*Hall*, 935 F.2d at 1110.

[10]*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982); *Allen v. Kline*, 507 F. Supp.2d 1150, 1155 (D. Kan. 2007).

[11]*Sefton v. Jew*, 201 F. Supp. 2d 730, 747 (W.D. Tex. 2001) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1237 (2d ed. 1990)).

relief."[12] The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[13]

In applying Rule 8(a)(2) to copyright infringement claims, most courts hold that a properly pled copyright infringement claim must allege: (1) which specific original works are the subject of the claim, (2) that the plaintiff owns the copyright, (3) that the works have been registered in compliance with the copyright laws, and (4) by what acts and during what time the defendant has infringed the copyright.[14] The Court will evaluate Plaintiff's copyright infringement claim under this standard.

### D.  Application of the Law to this Case

Count I of Plaintiff's Complaint alleges that Plaintiff "is the valid owner of the copyrights in and to the Marx Action Figures and Other Marx Toys . . . ."[15] It also alleges that Defendants have violated Plaintiff's "exclusive rights to produce derivative works of the Marx Action Figures and Other Marx Toys."[16] Nowhere in Count I, or for that matter, in the Complaint, does Plaintiff allege that the works have been registered in compliance with the copyright laws. The Court therefore finds that Count I does not sufficiently plead a cause of action for copyright infringement.

---

[12]Fed. R. Civ. P. 8(a)(2).

[13]*Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[14]*See, e.g., Arista Records v. Greubel, LLC,* 453 F. Supp. 2d 961, 964 (N.D. Tex. 2006); *Sefton,* 201 F. Supp. 2d at 747; *Kelly v. L.L. Cool J*., 145 F.R.D. 32, 36 (S.D. N.Y. 1992); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (D. C. Pa. 1979), *aff'd,* 612 F.2d 572 (3d Cir 1979).

[15]Compl. (Doc. 1), ¶ 35.

[16]*Id.,* ¶ 41.

Where a party files a Rule 12(b)(6) motion challenging the pleading on the procedural pleading requirements of the federal rules, "courts typically allow a plaintiff leave to amend his complaint in order to cure the defective pleading."[17] Indeed, the Tenth Circuit has held that "[i]n dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'"[18] Thus, rather than dismiss Plaintiff's copyright infringement claim, the Court will grant Plaintiff leave to amend to cure this defect by alleging that the works have been registered in compliance with the copyright laws. Plaintiff shall files its amended complaint within **ten (10) days** of the date of this Order. In the event Plaintiff fails to timely file such an amended complaint, Defendants' motion to dismiss for failure to state a claim will be granted and Count I will be dismissed with prejudice.

### III.  Motion to Dismiss Count I for Lack of Subject Matter Jurisdiction

#### A.  Defendants' Arguments

Defendants also move to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction because Plaintiff lacks standing to assert copyright infringement. Defendants argue that the lack of standing is a defect in subject matter jurisdiction, and, thus, the action should be dismissed for lack of subject matter jurisdiction.

Defendants assert that Plaintiff lacks standing because it cannot establish that it holds title to both the initial and renewal rights in the copyrights at issue. Defendants attach various bills of sale that they contend show Plaintiff does not have a clear chain of title explicitly vesting the

---

[17]*Bushnell Corp. v. ITT Corp.*, 973 F.Supp. 1276, 1282 (D. Kan. 1997).

[18]*Triplett v. LeFlore County, Okla.*, 712 F.2d 444, 446 (10th Cir. 1983) (quoting 3 James W. Moore, *Federal Practice* ¶ 15.10 (1983)).

ownership in the copyrights. Thus, Defendants argue that Plaintiff is unable to establish ownership and the necessary injury to prove standing for its copyright infringement claim.

### B.     Applicable Law

When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to consider affidavits and other documents, and to even hold a limited evidentiary hearing to resolve disputed jurisdictional facts.[19] In such instances, a court's consideration of evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment.[20] An exception to this rule, however, applies when "the jurisdictional question is intertwined with the merits of the case."[21] At that point, the focus of the inquiry becomes "whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."[22]

### C.     Application of the Law to this Case

Defendants rely upon various bills of sale to show that Plaintiff does not have a clear chain of title. These documents are evidence outside of the pleadings. Normally, the presentation of this evidence would not convert Defendants' Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. As noted above, however, an exception to this rule applies where the jurisdictional question is intertwined with the merits of the case. Thus, this Court must determine whether resolving the jurisdictional question requires resolution of an aspect of Plaintiff's copyright claim.

---

[19]*Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995).

[20]*Sizova,* 282 F.3d at 1324; *Holt,* 46 F.3d at 1003.

[21]*Sizova*, 282 F.3d at 1324.

[22]*Pringle v. U. S.,* 208 F.3d 1220, 1223 (10th Cir. 2000).

It is well settled that to establish copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[23] Thus, ownership of the copyrights is clearly an essential element of Plaintiff's copyright infringement claim. Resolving the jurisdictional issue will require the Court to resolve a crucial aspect of the copyright claim. The jurisdictional issue is therefore clearly intertwined with the merits of the case, and requires that the motion to dismiss be converted to a Rule 56 motion for summary judgment.

When a court converts a motion to dismiss to a motion for summary judgment, it must provide the parties with notice and allow the parties to rebrief the issues in the appropriate posture.[24] This insures that the parties will have the opportunity to present to the court all materials and arguments made pertinent to such a motion by Rule 56.[25] This also permits the parties to file their statements of uncontroverted facts and to file briefs that comply with D. Kan. Rule 56.1.

In light of the above, the Court will deny Defendants' Motion to Dismiss without prejudice to refiling the motion as one for summary judgment. The Court will set a deadline for the filing of the motion for summary judgment at the telephone status conference scheduled for April 4, 2008. In any event, Defendants shall not file their motion for summary judgment until Plaintiff has filed its amended Complaint in accordance with this Order.

---

[23]*Feis Publ'ns, Inc. v. Rural Tel. Serv Co., Inc.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc. v. Nation Enter's*, 471 U.S. 539, 548 (1991)).

[24]*Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 714 (10th Cir. 2005).

[25]*Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995).

7

### IV.     Motion for Sanctions

Defendants move for sanctions, asserting that this action is a vexatious and unreasonable multiplying of the prior state court action and that it contains knowing and willful omissions of material facts. Defendants bring the motion pursuant to pursuant to 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[26]

The Court finds that Defendants' motion is premature, as there has been no final ruling on the merits of this case. The Court will therefore deny the motion without prejudice to its refiling after the case has been resolved.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (doc. 22), to the extent it seeks dismissal of Count I of Plaintiff's Complaint for failure to state a claim, is denied without prejudice, provided that Plaintiff cures Count I's procedural pleading deficiencies in accordance with this Order by timely filing an amended complaint. Plaintiff shall file its amended complaint within **ten (10) days** of the date of this Order. In the event Plaintiff fails to timely file such an amended complaint, Defendants' motion to dismiss for failure to state a claim will be granted and Count I will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (doc. 22), to the extent it seeks dismissal of Count I of Plaintiff's Complaint for lack of subject matter jurisdiction, is denied without prejudice to refiling the motion as one for summary judgment. The Court will set a deadline

---

[26] 28 U.S.C. § 1927.

for the filing of the motion for summary judgment at the telephone status conference scheduled for April 4, 2008.

**IT IS FURTHER ORDERED** Defendants' Motion (doc. 22), to the extent it seeks sanctions pursuant to 28 U.S.C. 1927, is denied without prejudice.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 31st day of March 2008.

<u>s/David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties