DJW/1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**AMERICAN PLASTIC EQUIPMENT, INC.,**

                **Plaintiff,**              **Civil Action**

**v.**                                       **No. 07-2253-DJW**

**TOYTRACKERZ, LLC, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Disqualify Counsel (doc. 69). For the reasons set forth below, the Motion is granted in part and denied in part.

**I.**    **Introduction and Nature of the Matter Before the Court**

This is an action for copyright infringement brought pursuant to 17 U.S.C. § 1501.[1] Plaintiff American Plastic Equipment, Inc. ("American Plastic" or "Plaintiff") sues Toytrackerz, LLC ("Toytrackerz") and one of its managing members, Noah Coop (collectively "Defendants"). Defendants are represented by attorney Terri Coop, who is also a managing member of Toytrackerz.

Plaintiff seeks to disqualify Terri Coop from acting as Defendants' counsel for two main reasons. First, Plaintiff contends that Ms. Coop should be disqualified because she will no doubt be a witness at trial testifying about important contested issues, and Kansas Rule of Professional Conduct ("KRPC") 3.7(a) precludes a lawyer from acting as an advocate at trial in which the lawyer is likely to be a necessary witness. Plaintiff also contends that Ms. Coop should be disqualified because she has directly communicated with the sole shareholder of Plaintiff, without the consent

---

[1]This is the only claim remaining in the case. On March 31, 2008, the Court dismissed with prejudice Counts II-IX of the Complaint for failure to state a claim. *See* Mem. and Order (doc. 44).

of Plaintiff's counsel, on several occasions.  Plaintiff claims that these *ex parte* communications took place in violation of KRPC 4.2.

## II.    Background Information and Facts

This case was initially filed in the United States District Court for the Western District of Missouri on March 9, 2007.  The action was transferred to this District on June 13, 2007.  The parties held their Rule 26(f) Planning Conference in September 2007, and on September 7, 2007, Plaintiff submitted to the Court a Report of Parties' Planning Conference.  In that Report, Plaintiff expressed concern that Ms. Coop would be a material witness at trial and set forth  Plaintiff's belief that Ms. Coop "will likely be disqualified as trial counsel."[2]  The Report stated:

> Ms. Terri Coop is a managing member of Toytrackerz, LLC, operates an open internet blog disclosing publicly [sic] information pertaining to this case, and also serves as counsel of record in this instance.  The Plaintiff anticipates that difficulty may arise between public disclosure of information by counsel, as well as issues of privilege.  Additionally, because Terri Coop will be a material witness at the trial in this matter, American foresees that Coop will likely be disqualified as trial counsel for Toytrackerz because of the rule prohibiting counsel from providing testimony.[3]

In October 2007, Plaintiff served it Rule 26(a)(1) Initial Disclosures.  In those Disclosures, Plaintiff identified Ms. Coop as a "person likely to have discoverable information that the Plaintiff may use to support its claims or defenses."[4]

On May 31, 2008, Plaintiff served a set of interrogatories on each Defendant.  On July 18, 2008, Toytrackerz responded to those interrogatories.  The responses were verified by Ms. Coop.

---

[2]*See* Report of Parties' Planning Conference at 3.

[3]*Id.*

[4]*See* Plaintiff's Initial Disclosures, attached as Ex. 1 to Pl.'s Mot. to Disqualify (doc. 69).

Interrogatory No. 2 asked Toytrackerz to list its officers, directors, and/or members and each such person's responsibilities and duties.  Toytrackerz responded as follows:

> Toytrackerz LLC has two members: Noah Coop and Terri Coop.
>
> As a family company, there are no specific job descriptions.  In general, Noah Coop handles manufacturing, sales and correspondence.  Terri Coop, in addition to her position as in-house counsel, handles internet transactions, packing/shipping and graphic design.[5]

Plaintiff contends that this interrogatory answer, which was verified by Ms. Coop, confirmed what he believed when Plaintiff served its Initial Disclosures, i.e., that:

> Terri L. Coop is an essential and material witness to Plaintiff's claims, inasmuch as Terri L. Coop and Noah Coop operate a family company with no specific job descriptions.  As the representative of Defendant Toytrackerz, LLC who handles internet transactions, shipping/handling and graphic design, Ms. Coop will provide testimony that will be essential to the toys and figurines that were shipped by Toytrackerz, and will also be able to verify the design, likeness, and appearance of each and every toy shipped by Toytrackerz.[6]

On July 19, 2008 and July 21, 2008, Ms. Coop communicated via e-mail with Jay Horowitz, Plaintiff's sole shareholder, regarding the case and its possible settlement.[7]  Ms. Coop's July 19, 2008 e-mail to Mr. Horowitz states, *inter alia*, that Defendants want to see certain documentation before they enter into a settlement.[8]  Ms. Coop states that she believes she will be talking further with Mr. Horowitz about the settlement, but "there are still some significant roadblocks that need

---

[5]Toytrackerz' Answers and Objections to Pl.'s First Set of Interrogs., attached as Ex. 2 to Mot. to Disqualify (doc. 69).

[6]Pl.'s Mot. to Disqualify (doc. 69) at 2.

[7]See E-Mail Memoranda, attached as Ex. 3 to Mot. to Disqualify (doc. 69).

[8]*Id.*, July 19, 2008 E-Mail Memorandum.

to be cleared up before we can complete the [settlement] agreement."[9]  Ms. Coop indicates she is attaching several items to the e-mail, including a written response from Defendant Noah Coop regarding certain "technical matters of the molds."[10]  The e-mail, however, goes beyond the scope of settlement discussions, and Ms. Coop makes the following statements about Plaintiff's counsel and the lawsuit in general.  She states:

> As always, it was a pleasure to speak to you.  I apologize that it has taken me all day to get this response to you, but I had to deal with your attorney and his discovery requests.  I am currently asking him to voluntarily agree to a Protective Order stopping all discovery until the court resolves the motion for summary judgment pending before it on the last count.  If he doesn't agree, I will file for the Protective Order on Monday.  My basis is that your attorney is abusing the discovery process to try and get admissions out of us that will bolster his inadequate pleadings. I won't do it.  After I file [a motion for protective order], it is up to the judge to decide.
>
> I don't know what Mr. Herron has told you, but this case is almost over.  I do not appreciate him writing letters to me threatening further legal action if we do not "cease & desist" using Fort Apache Fighters.  It is partly because of this baseless and frivolous threat made by your attorney that American Plastic has been named party to another lawsuit.
>
> I apologize for being so blunt, but in your last call, you said you haven't been taking this lawsuit very seriously.  I have. For nearly three years I have been dealing with an onslaught of motions and ambush lawsuits filed in your name by your attorney.
>
> * * * *
>
> Eight of nine counts in the lawsuit originally filed in Missouri by your attorney have been dismissed, with prejudice.  I gave you a copy of the opinion when I was in Ohio.  The final count is on the judge's desk for summary judgment.  If you would like a copy of the motion, I will provide it to you.  I hope you are taking it seriously now.  Yes, I do believe it can still be settled because we have mutual interests. However, that doesn't mean I am not proceeding as necessary with the courts, nor does it mean that I am no longer serious about the litigation.[11]

---

[9]*Id.*

[10]*Id.*

[11]*Id.*

In her July 21, 2008 e-mail to Mr. Horowitz, Ms. Coop states:

I look forward to seeing the documentation. I have to say my patience with your attorney and your licensees is wearing thin.

Jill Koehler says basically that it is your responsibility to defend her in this legal matter[12] and your attorney chooses to ignore all of my emails, objections, and requests for documents.

Having to deal with all of that peripheral annoyance lessens the energy I can put into this matter.[13]

Plaintiff also states that Ms. Coop had "direct telephone contact" with Mr. Horowitz[14] by engaging in "telephone negotiations."[15]  Plaintiff does not further describe the nature of these conversations or state when they allegedly occurred. He merely states that there were "a few telephone conversations" between Ms. Coop and Mr. Horowitz.[16]

Ms. Coop does not deny that she sent the July 19 and 21, 2008 e-mails or that she has had *ex parte* communications with Mr. Horowitz.  She contends, however, that Plaintiff's attorney consented to, and acquiesced in, her communications with Mr Horowitz in order to facilitate a settlement.  In Defendants' opposition to the Motion to Disqualify, Ms. Coop explains:

Defendant's attorney claims the defense of consent, knowledge, and acquiescence as defenses to plaintiff's charge of improper ex parte communication.  Plaintiff's counsel notified his client that defendant's attorney would be in Ohio on a certain day and would like to inspect certain physical assets that were part of a potential settlement agreement.  All further inquiries and negotiations, often heated, stemmed

---

[12]Jill Koehler is not a party in the instant lawsuit.  She is, however, a defendant in a related lawsuit filed by Toytrackerz against American Plastic in this District, Case No. 08-CV-02297-GLR.

[13]*Id.*, July 21, 2008 E-Mail Memorandum.

[14]Pl.'s Mot. to Disqualify at 7.

[15]*Id.* at 6.

[16]*Id.* at 5.

from that initial meeting which was held with plaintiff's counsel's knowledge and consent. During these highly technical discussions, defendant's counsel was acting in her role as a managing member of Toytrackerz LLC.[17]

Ms. Coop states in Defendant's opposition brief that in light of the Motion to Disqualify, she "has discontinued all involvement in settlement negotiations with plaintiff's client, despite [Mr. Horowitz'] continued attempt to contact counsel."[18]

Plaintiff filed the instant Motion to Disqualify on July 23, 2009. On July 30, 2008, the Court stayed all pretrial proceedings, including discovery and the August 15, 2008 Pretrial Conference, pending a ruling on the Motion to Disqualify and Defendant's Motion for Summary Judgment (doc. 50).[19] Briefing on those motions was excluded from the stay. The trial setting was also vacated in a later Order.[20] Since the July 30, 2008 stay was entered, no activity, other than the summary judgment and disqualification briefing, has taken place. No depositions have been taken in the case.

## III.    The Relief Requested and the Parties' Arguments

Plaintiff asks that Ms. Coop be:

1.    Disqualified from proceeding as trial counsel for Defendants;
2.    Disqualified from taking or defending depositions in this case;
3.    Prohibited from sitting at counsel table during the trial of this matter;
4.    Prohibited from signing or filing pleadings or submitting papers in the above-referenced as attorney for either Defendant; and
5.    Excluded from the courtroom during the trial, except when providing testimony as a witness.[21]

---

[17]Defs.' Resp. to Mot. to Disqualify (doc. 75) at 2-3.

[18]*Id.*

[19]*See* July 30, 2008 Order (doc. 76).

[20]*See* Jan. 5, 2009 Order (doc. 82).

[21]Pl.'s Mot. to Disqualify at 8.

Plaintiff contends that Ms. Coop should be disqualified from acting as attorney of record in this case for trial, as well as all other purposes, pursuant to KRPC 3.7 because she is likely to be a necessary witness.  Plaintiff states that it is likely she will testify at trial about Toytrackerz' alleged ownership of the copyrights and the design, manufacture, and shipping of the dolls and figurines at issue in this case.  Plaintiff contends that the interrogatory answers Ms. Coop verified make it clear that Toytrackerz is a family business with no clear divisions of responsibility and that the company is run only by Ms. Coop and the Defendant Noah Coop.

Plaintiff also argues that disqualification is necessary pursuant to KRPC 4.2 because Ms. Coop, without Plaintiff's counsel's consent, engaged in several *ex parte* communications with Plaintiff's sole shareholder about the lawsuit.  Plaintiff contends these ex-parte contacts demonstrate that Ms. Coop "is impermissibly playing a blurred and dual role (advocate for Toytrackerz on the one hand and witness/member of Toytrackerz on the other) in this dispute."[22]  Plaintiff maintains that by assuming roles in this lawsuit "that are improperly blurred" and making *ex parte* statements to Mr. Horowitz that go to the heart of the lawsuit, Ms. Coop's continued representation of Toytrackerz is impermissible under the Tenth Circuit's decision in *Weeks v. Independent School Dist. No. I-89*.[23]

Finally, Plaintiff contends that its motion is timely, in that it filed the motion within a week of receiving Toytrackerz' interrogatory answers and within a week of learning that Ms. Coop had communicated with Mr. Horowitz via e-mail.

---

[22]*Id*. at 5.

[23]230 F.3d 1201 (10th Cir. 2000).

Defendants counter that Toytrackerz has always held itself out as a family business and that Plaintiff's counsel knew that Ms. Coop is a managing member of Toytrackerz' business as early as the September 10, 2007 Scheduling Conference.  Furthermore, Defendants state that they have always planned to retain outside counsel to handle trial and other pre-trial evidentiary matters.  In fact, Defendants agree that *limited* disqualification of Ms. Coop is proper.  They propose that Ms. Coop be:

1.      Disqualified to act as advocate in trial before a jury;
2.      Prohibited from sitting at counsel table at trial;.
3.      Subject to the rule of witness sequestration at trial;
4.      Disqualified to act as advocate in evidentiary hearings; and
5.      Disqualified from acting as attorney in the taking or defending of depositions.[24]

Defendants ask, however, that Ms. Coop not be disqualified from "advocating in non-evidentiary hearings, pretrial conferences, trial strategy sessions, motions practice, including postjudgment motions, and any other matters which will not be presented to, or accessible by, the jury."[25]  They also ask that if and when the Court lifts the stay, they be given thirty days to retain new counsel before depositions begin.

Defendants argue that KRPC 3.7(a) does not call for complete disqualification.  It requires only that the attorney be disqualified from evidentiary and advocacy roles that may be confusing to the jury.  Defendants do not deny that Ms. Coop had *ex parte* communications with Mr. Horowitz, but argue that those communications did not violate KRPC 4.2 because Plaintiff's counsel knew of, and consented to, the communications taking place during the settlement negotiation process.  Defendants attempt to justify the communications by explaining as follows:

---

[24]Def.'s Resp. to Mot. to Disqualify (doc. 75) at 3.

[25]*Id.* at 4.

Plaintiff's counsel notified his client that defendant's attorney would be in Ohio on a certain day and would like to inspect certain physical assets that were part of a potential settlement agreement. All further inquiries and negotiations, often heated, stemmed from that initial meeting which was held with plaintiff's counsel's knowledge and consent. During these highly technical discussions, defendant's counsel was acting in her role as a managing member of Toytrackerz LLC.[26]

## IV.    The Standard for Ruling on a Motion to Disqualify Counsel

The control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge.[27]    The court has the inherent power to disqualify counsel "where necessary to preserve the integrity of the adversary process."[28]    Motions to disqualify counsel are committed to the court's sound discretion.[29]    A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice.[30]

Violations of the rules of professional responsibility do not automatically trigger disqualification.[31]    "Because disqualification affects more than merely the attorney in question, the

---

[26]*Id.* at 3.

[27]*Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994)

[28]*Lowe v. Experian*, 328 F. Supp. 2d 1122,1125 (D. Kan. 2004); *Field v. Freeman*, 527 F. Supp. 935, 940 (D. Kan. 1981).

[29]*Cole*, 43 F.3d at 1383; *Lowe*, 328 F. Supp. 2d at 1125; *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 239 F. Supp. 2d 1170, 1172 (D. Colo. 2003); *Kelling v. Bridgestone/Firestone, Inc.*, No. 93-1319-FGT, 1994 WL 723958, at *10 (D. Kan. Oct. 17, 1994) (citing *Koch v. Koch Indus.,* 798 F. Supp. 1525, 1530 (D. Kan. 1992)).

[30]*Kelling,* 1994 WL 723958, at *10; *Regent Ins. Co. v. Ins. Co. of N. Am.*, 804 F. Supp. 1387, 1390 (D. Kan. 1992).

[31]*Hjersted Family Ltd. P'ship v. Hallauer*, No. 06-2229-CM-GLR, 2007 WL 2789829, at *2 (D. Kan. Sept. 21, 2007); *Biocore Med. Techs. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998); *Chapman Eng'rs, Inc. v. Natural Gas Sales Co., Inc*., 766 F.Supp. 949, 954 (D. Kan. 1991).

Court must satisfy itself that this blunt remedy serves the purposes behind the ethical rule in question."[32]

The party moving for disqualification bears the initial burden of going forward with evidence sufficient to establish a prima facie case that disqualification is warranted.[33]  The ultimate burden of proof, however, lies with the attorney or firm whose disqualification is sought.[34]  In some instances, an evidentiary hearing is required before the court may enter an order disqualifying counsel.[35]  An evidentiary hearing, however, is not required when the parties have fully briefed the issue and when there are no disputed issues of material facts or there is otherwise no need for any additional evidence to be presented to the court.[36]

In this case, a factual dispute exists as to whether Ms. Coop had the consent of Plaintiff's counsel to engage in the *ex parte* communications with Mr. Horowitz.  The Court, however, does not find this disputed issue to be material to its ruling inasmuch as the Court does not find total disqualification to be warranted even if the Court accepts Plaintiff's version of the facts as true.  In other words,  even if the communications between Ms. Coop and Mr. Horowitz took place without

---

[32]*Hjersted Family*, 2007 WL 2789829, at *2;  *Biocore Med. Techs.*, 181 F.R.D. at 664 (citing *Koch v. Koch Indus.*, 798 F.Supp. 1525, 1530 (D. Kan. 1992)).

[33]*Lowe*, 328 F. Supp. 2d at 1125; *Kelling,* 1994 WL 723958, at *10 (citing *Regent Ins.,* 804 F. Supp. at 1390; *Pac. Employers Ins. Co. v. P. B. Hoidale Co., Inc.*, 789 F. Supp. 1112, 1113 (D. Kan. 1992).

[34]*Lowe*, 328 F. Supp. 2d at 1125; *Kelling,* 1994 WL 723958, at *10 (citing *Regent Ins.,* 804 F. Supp. at 1390; *Pac. Employers,* 789 F. Supp. at 1113.

[35]*See, e.g., Fullmer v. Harper*, 517 F.2d 20, 21 (10th Cir. 1975) ("In our view the verified motion to disqualify raises ethical questions that are conceivably of a serious nature.  In such circumstance a written response should be required.  The trial court should then hold a full evidentiary hearing on the issues posed by the motion to disqualify and the response thereto . . . .").

[36]*Weeks v. Indep. Sch. Dist. No. I-89 of Okla. County*, 230 F.3d 1201, 1212 (10th Cir. 2000).

Plaintiff's counsel's consent or knowledge, the Court would not find complete disqualification warranted. This issue will be discussed in more detail below in Part V.C. As the Court does not find that an evidentiary hearing would be helpful, the Court will proceed to rule on the motion based on the parties' briefing.

## V. Analysis

### A. The Applicable Rules of Professional Conduct

This Court has adopted the Kansas Rules of Professional Conduct, as adopted and amended by the Kansas Supreme Court, to determine the applicable standards of professional conduct.[37] Thus, in determining whether an attorney has acted appropriately, the Court will apply the Kansas Rules of Professional Conduct.[38] In determining whether an attorney's conduct warrants disqualification, however, the Court will apply the standards developed under federal case law.[39]

### B. Disqualification Pursuant to KRPC 3.7(a)

#### 1. *KRPC 3.7(a) and applicable case law*

KRPC 3.7(a) provides for disqualification of counsel as follows:

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a

---

[37]*See* D. Kan. Rule 83.6.1(a). That rule provides as follows: "The Kansas Rules of Professional Conduct as adopted by the Supreme Court of Kansas, and as amended by that court from time to time, except as otherwise provided by a specific rule of this court, are adopted by this court as the applicable standards of professional conduct."

[38]*See, e.g.*, *Hammond v. City of Junction City, Kan.*, 167 F. Supp.2d 1271, 1281 (D. Kan. 2001) (applying Kansas Rules of Professional Conduct).

[39]*Cole*, 43 F.3d at 1383. In *Cole*, the Tenth Circuit explained the interrelationship of the state's ethical rules with federal standards as follows: "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *Id.* (citations omitted).

necessary witness except where:

> (1)   the testimony relates to an uncontested issue;
>
> (2)   the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3)   disqualification of the lawyer would work substantial hardship on the client.[40]

By its express terms, KRPC 3.7(a) is only a prohibition against the attorney acting as an "advocate at trial."[41]  Its primary purpose is to avoid the possible confusion that might result from the jury observing a lawyer act in dual capacities, i.e, as a both a witness and advocate.[42]  The jury is usually not privy to pretrial proceedings, however, so the Rule typically does not disqualify the lawyer from performing pretrial activities such as participating in settlement negotiations and conferences, strategy sessions, pretrial hearings or conferences, or motions practice.[43]  Disqualifica-tion from pretrial matters may be appropriate, however, where the pretrial activity "includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role."[44]

---

[40]KRPC 3.7(a) (2007).

[41]*Lowe*, 328 F. Supp. 2d at 1126.

[42]*Id.*; *Merrill Lynch,* 239 F. Supp. 2d at 1172; *Chapman,* 766 F. Supp. at 957.  *See also Main Events Prod., LLC v. Lacy*, 220 F. Supp. 2d 353, 356 (D. N.J. 2002) ("The Rule is designed to prevent a situation in which at trial a lawyer acts as an attorney and as a witness, creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument, and otherwise creating an unseemly appearance at trial.").

[43]*Merrill Lynch,* 239 F. Supp. 2d at 1172; *Main Events,* 220 F. Supp. 2d at 356; *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.,* 866 F. Supp. 1297, 1303 (D. Colo. 1994).  *See also* ABA Comm. on Ethics and Professional Responsibility, Informal Opinion 89-1529 (1989) ("[A] lawyer may serve as an advocate in . . . pre-trial discovery as well as in arguing pre-trial motions and appeals from decisions on those motions as long as the other requirements of Rule 3.7 are met.").

[44]*Merrill Lynch,* 239 F. Supp. 2d at 1172 (quoting *World Youth Day*, 866 F. Supp. at 1303).

2.      *Should Ms. Coop be disqualified pursuant to KRPC 3.7(a)?*

The Court holds that KRPC 3.7(a) does not bar Ms. Coop from acting as Defendants' counsel altogether.  It does, however, clearly bar her from acting as an advocate at trial and at evidentiary hearings, and Ms. Coop has agreed to the entry of an order prohibiting her from doing so.  The Court will therefore enter an order disqualifying Ms. Coop from acting as an advocate at trial or at any evidentiary hearing.  The Court also finds it necessary to bar Ms. Coop from sitting at counsel table during trial or any evidentiary hearing, and will allow Defendants to invoke against Ms. Coop the rule prohibiting witnesses from being present in the courtroom during the testimony of other witnesses.[45]

Ms. Coop recognizes that jurors may likely be confused if a deposition she has conducted or defended is admitted into evidence at trial.  She has therefore also agreed to an order prohibiting her from taking or defending any depositions.  The Court will therefore order that Ms. Coop be disqualified from taking or defending any depositions or from acting as an advocate in connection with any deposition taken in this case.

Plaintiff argues that Ms. Coop should be further disqualified from filing pleadings or submitting papers in this case and otherwise completely disqualified from acting as counsel of record  in this case.  The Court does not find that Plaintiff's position is supported by the express wording of KRPC 3.7, which merely states that "the lawyer *shall not act as advocate at a trial* in which the lawyer is likely to be a necessary witness."[46]

---

[45]Ms. Coop has agreed to not sit a counsel table at trial and to be subject to the rule of witness sequestration at trial.

[46]KRPC 3.7(a) (emphasis added).

Furthermore, the Court finds there is no indication that Ms. Coop's participation in *non-evidentiary* hearings or conferences before the Court would result in her dual role being revealed at trial.  Because there is little or no likelihood that jury confusion as to Ms. Coop's dual role would arise from her participation in non-evidentiary activities, the Court rules that Ms. Coop may continue to participate in non-evidentiary hearings, motion hearings, and court conferences, such as status conferences, settlement conferences, and the final pretrial conference.  The Court also rules that Ms. Coop may continue to sign and file pleadings and submit other papers to the Court.  It is unlikely that any pleading would be presented to the jury at trial.  In the event, however, that a pleading is admitted into evidence or otherwise presented to the jury, Ms. Coop's signature or any other information contained therein which would reveal that Ms. Coop has acted as Defendants' counsel may be redacted from the pleading to avoid the risk of revealing her dual role to the jury.

In ruling that Ms. Coop need not be disqualified for all purposes in this case, the Court notes that Plaintiff waited until July 2008 to file its Motion to Disqualify.  The Court finds this curious, in that Plaintiff knew as early as September 2007 when it submitted the Parties' Report of Planning Conference that Ms. Coop was a managing member of Toytrackerz and that it was likely she would be a material witness at trial.  Also, in its October 2007 Rule 26(a)(1) Disclosures, Plaintiff identified Ms. Coop as a person likely to have discoverable information whom Plaintiff might use to support its claims.  If Plaintiff were genuinely concerned about any potential prejudice or confusion caused by Ms. Coop filing pleadings and motions or participating in conferences and hearings, then the Court would have expected Plaintiff to have filed a Rule 3.7 motion to disqualify during the early stages of this lawsuit.

Regardless of the timing of the motion, however, the Court finds that KRPC 3.7 requires Ms. Coop to be disqualified from acting as an advocate at trial, evidentiary hearings, and depositions.

14

The Court, cannot find, however, that KRPC 3.7 requires that she be disqualified from participating in non-evidentiary activities such as non-evidentiary hearings, motion hearings and court conferences or from filing pleadings and motions in this case.

**C.    Disqualification Pursuant to KRPC 4.2**

*1.    KRPC 4.2 and applicable case law*

KRPC 4.2 provides that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."[47]

The Comment to KRPC 4.2 explains how the Rule is to be applied to organizations such as the plaintiff corporation in this case.   The Comment states:   "In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability."[48]   Neither party disputes that Mr. Horowitz falls within this definition such that  the Rule's prohibition applied to communications with him.

---

[47]KRPC 4.2 (2007).

[48]*Id*. cmt.   The Kansas Supreme Court's Preamble to the Kansas Rules of Professional Conduct states that "[t]he Comment accompanying each Rule explains and illustrates the meaning and purpose of the Rule. . . .   The Comments are intended as guides to interpretation . . . ."   This Court has on several occasions applied the Comment to Rule 4.2 to determine which persons involved with an organization represented by counsel may not be communicated with under the Rule.   *See Hammond*, 167 F. Supp. 2d at 1282, 1285; *Holdren v. Gen. Motors Corp*., 13 F. Supp. 2d 1192, 1994 (D. Kan. 1998).

In addition, the Comment to KRPC 4.2 indicates that the Rule applies even though the represented person initiated or agreed to the communication.[49]  Thus, to the extent Mr. Horowitz may have willingly entered into, or even initiated, some of the communications at issue, Ms. Coop was not excused from complying with the Rule.

The purpose of Rule 4.2 is to "protect[ ] a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship and the uncounselled disclosure of information relating to the representation."[50]  Rule 4.2 helps prevents those situations in which a represented party may be taken advantage of by adverse counsel, as "the presence of the party's attorney theoretically neutralizes" any undue influence.[51]  The Rule also helps prevent opposing counsel "from exploiting the disparity in legal skills between an attorney and lay persons or driving a wedge between the opposing attorney and that attorney's client."[52]

The Tenth Circuit has held that "[a] district court has broad discretion in imposing the remedy of disqualification" for a violation of Rule 4.2.[53]  Although disqualification may be ordered

---

[49]*Id.*  The Comment states:  "The Rule applies even though the represented person initiates or consents to the communication."

[50]*U.S. v. Gonzalez-Lopez,* 403 F.3d 558, 565 (8th Cir. 2005) (quoting ABA Model Rules of Prof'l Conduct R. 4.2 cmt. 1).

[51]*Lobato v. Ford.*, No.  05-CV-01437-LTB-CBS, 2007 WL 3342598, at *15 (D. Colo. Nov. 9, 2007) (citing *Univ. Patents, Inc. v. Kligman*, 737 F.Supp. 325, 327 (E.D.  Pa.1990); *Polycast Tech. Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 625 (S.D. N.Y. 1990)).

[52]*Polycast,* 129 F.R.D. at 625.

[53]*Weeks,* 230 F.3d at 1211.

as a remedy for a violation of Rule 4.2, it is not mandated.[54]  Disqualification is only appropriate where the offending attorney's conduct threatens to "taint the underlying trial" with a serious ethical violation.[55]  This Court generally defers ethical issues to the appropriate disciplinary administrator except in those cases where the challenged conduct threatens to taint the judicial process.[56]  Finally, in determining whether to disqualify counsel under Rule 4.2, the Court must remain mindful that an organization's right to select its own counsel, although not an absolute right, should not be overridden except where compelling reasons exist.[57]

Thus, in ruling on a motion to disqualify based on Rule 4.2, courts often balance four competing interests:  (1) the client's interest in being represented by the counsel of its choice; (2) the opposing party's interest in preparing and trying its case without prejudice due to disclosure of confidential information; (3) the public's interest in the scrupulous administration of justice; and (4) the hardship disqualification would impose on the parties and the judicial process.[58]

---

[54]*Id.*; *see also EEOC v. Orson H. Gygi Co.*, 749 F.2d 620, 621 (10th Cir. 1984) ("Except where a purely legal issue is involved, a district court's order of disqualification will be reversed only if the court has abused its discretion."); *Faison v. Thornton*, 863 F. Supp. 1204, 1215 (D. Nev.1993) ("The court has broad discretion in fashioning an appropriate penalty or sanction to remedy the problems caused by an attorney's improper *ex parte* communications with a party represented by counsel.") (citation omitted).

[55]*Hammond*, 167 F. Supp. 2d at 1288 (citing *Biocore*, 181 F.R.D. at 664); *Chapman Eng'rs*, 766 F. Supp. at 954 (citing *W. T. Grant Co. v. Haines*, 531 F.2d 671 (2d Cir. 1976)).

[56]*Koch*, 798 F. Supp. at 1530.  *See also W. T. Grant*, 531 F.2d at 677 ("The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it.").

[57]*Ramsay v. Boeing Welfare Ben. Plans Comm.*, 662 F.Supp. 968, 970 (D. Kan. 1987) (citing *In re Am. Cable Publ'ns, Inc.*, 768 F.2d 1194, 1196 (10th Cir. 1985)).

[58]*See, e.g., Meat Price Investigator's Ass'n v. Spencer Foods, Inc.*, 572 F.2d 163, 165 (8th Cir. 1978); *U.S. v. Franklin,* 177 F. Supp. 2d 459, 469 (E.D. Va. 2001); *Hammond*, 167 F. Supp. 2d
(continued...)

### 2. Should Ms. Coop be further disqualified pursuant to KRPC 4.2?

The Court must now decide if further disqualification of Ms. Coop is required because of her *ex parte* communications with Mr. Horowitz.  In doing so, the Court will view the facts in the light most favorable to Plaintiff, and will assume that the *ex parte* communications at issue took place without the consent of Plaintiff's counsel.

Applying the standards set out above, the Court does not find that further disqualification of Ms. Coop is required.  Plaintiff has made no showing that Ms. Coop gained knowledge of any material or confidential information through the *ex parte* communications.  Furthermore, as the communications all appear to have taken place in connection with settlement negotiations, none would be admissible at trial pursuant to Federal Rule of Evidence 408.[59]  Plaintiff makes no attempt to show prejudice in any other respect.  Thus, the Court cannot say that the integrity of the adversarial process has been compromised or that Plaintiff's right to a fair trial has been tainted.  Out of an abundance of caution, the Court will bar Defendants from using at trial or in any evidentiary hearing or motion, any evidence or statements that Ms. Coop may have obtained through the *ex parte* communications.[60]

---

[58](...continued)
at 1288; *In re Complaint of Korea Shipping Corp.*, 621 F.Supp. 164, 169 (D. Alaska 1985).

[59]Fed. R. Evid. 408(a)(1) provides that evidence of "conduct or statements made in compromise negotiations regarding the claim" is not admissible on behalf of any party "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction."

[60]*See Parker v. Pepsi-Cola Gen. Bottlers, Inc.,* 249 F. Supp. 2d 1006, 1013 (N.D. Ill. 2003) (as sanction for deposing witness without his counsel in violation of Rule 4.2, court barred defendant from using deposition testimony or evidence gained from it).

Furthermore, weighing the lack of prejudice to Plaintiff against Defendants' right to choose its own counsel, the Court finds the balance weighs in favor of Defendants' continued representation by counsel of their own choosing.  The scope of that representation, of course, is already severely limited by the Court's ruling above with respect to KRPC 3.7(a).

Plaintiff cites the Tenth Circuit's decision in *Weeks*[61] in support of its request for complete disqualification.  Plaintiff's reliance on *Weeks*, however is misplaced, as it does not compel total and complete disqualification.  As noted above, the court in *Weeks* held that a court has "broad discretion" in imposing the remedy of disqualification for a violation of Rule 4.2.[62]  The *Weeks* court did not rule that disqualification is always the appropriate sanction for a violation of Rule 4.2, only that disqualification "*may* be ordered as a remedy" for a Rule 4.2 violation.[63]  Furthermore, the Tenth Circuit's decision focused on whether the district court had abused its discretion in imposing complete disqualification, and the Tenth Circuit held, under the particular facts and circumstances of that case, that the district court did not abuse its discretion.[64]  Thus, *Weeks* does not mandate disqualification in this case.

Under the particular facts of this case, the Court does not find that the draconian sanction of complete and total disqualification is warranted.  The Court, however, does find it necessary, pursuant to Canon 3B(3) of the Code of Conduct for United States Judges,[65] to refer the matter of

---

[61]230 F.3d 1201 (10th Cir. 2000).

[62]*Id*. at 1211.

[63]*Id*. (emphasis added).

[64]*Id.*

[65]Cannon 3.B(3) of the Code of Conduct for United States Judges provides that "[a] judge
(continued...)

Ms. Coop's *ex parte* communications with Mr. Horowitz to the Kansas Disciplinary Administrator for further consideration.  The Court will forward a copy of this Order to the Disciplinary Administrator, Stanton Hazlett, along with copies of the parties' briefs, so that the he may take whatever action he deems appropriate.

## VI.     Summary of Ruling

In light of the above, Plaintiff's Motion to Disqualify will be granted in part and denied in part.  Pursuant to KRPC 3.7(a), Terri Coop shall be disqualified from acting as counsel for Defendants at trial, from taking and defending depositions, and from participating in any evidentiary hearings held in this case.  At trial, Ms. Coop shall not sit at counsel's table, and Plaintiff may invoke against Ms. Coop the rule prohibiting witnesses from being present in the courtroom during the testimony of other witnesses.  In addition, Defendants will be barred from presenting at trial or any evidentiary hearing any statements or evidence that Ms. Coop may have obtained through her *ex parte* communications with Mr. Horowitz.  The Motion to Disqualify will be denied insofar as it seeks to disqualify Ms. Coop from acting as counsel for Plaintiff in any pretrial matters other than those identified above, including participation in strategy sessions, non-evidentiary hearings, motion hearings, and court conferences such as status conferences, settlement conferences, and the final pretrial conference.  The motion will also be denied to the extent Plaintiff seeks to disqualify Ms. Coop from filing pleadings or motions or submitting papers to the Court.  Finally, the Court will refer the matter of the *ex parte* communications between Ms. Coop and Mr. Horowitz to the Kansas Disciplinary Administrator for any further action that the Administrator deems appropriate.

---

[65](...continued)
should initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer."

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify Counsel (doc. 69). is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that the Clerk shall send copies of this Order, along with the parties' briefing in connection with the Motion to Disqualify (docs. 69 & 75), to the Kansas Disciplinary Administrator, Stanton A. Hazlett, at the address set out below.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 31st day of March 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties
        and
        Stanton A. Hazlett, Disciplinary Administrator
        Office of the Disciplinary Administrator
        701 S. W. Jackson St., First Floor
        Topeka, KS 66603-3729