DJW/1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**AMERICAN PLASTIC EQUIPMENT, INC.,**

                  **Plaintiff,**                 **Civil Action**

**v.**                                  **No. 07-2253-DJW**

**TOYTRACKERZ, LLC, et al.,**

                  **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff American Plastic, Inc.'s "Request for Reconsideration of Memorandum and Order of March 31, 2009 Pursuant to Local Rule § 7.3 and F.R.C.P. § 60" (doc. 94). The Memorandum and Order at issue granted Defendant Toytrackerz, LLC's Motion for Summary Judgment on Plaintiff's remaining claims for copyright infringement. Plaintiff moves for reconsideration "in light of . . . new evidence and relevant case law."[1]  For the reasons set forth below, Plaintiff's motion is denied.

## I.    Procedural Background

This action was originally filed in the Western District of Missouri on March 9, 2007.  The case was transferred to this District on June 13, 2007.  On March 31, 2008, the Court dismissed all counts of Plaintiff's Complaint, except for Count I, which alleged copyright infringement.[2]  In Count I, Plaintiff alleged, *inter alia*, that it "is the valid owner of the copyrights in and to the Marx Action

---

[1]Pl.'s Req. for Recons. of Mem. & Order of  March 31, 2009 Pursuant to Local Rule § 7.3 & F.R.C.P. § 60 ("Pl.'s Mot. for Recons.") (doc. 94) at 3.

[2]*See* March 31, 2008 Mem. & Order (doc. 44) at 32; *see also* March 31, 2008 Mem. & Order (doc. 45) at 8.

Figures and Other Marx Toys."[3]  Plaintiff further alleged that it "owns all the intellectual property rights of Louis Marx & Co. as purchased from the Chemical Bank of New York in June of 1988, as successor in interest to Louis Marx & Co."[4]

The Court denied without prejudice Defendants' Motion to Dismiss Count I and allowed Plaintiff leave to amend Count I to cure certain procedural pleading deficiencies.[5]  Plaintiff filed its First Amended Complaint on April 9, 2008, amending its claims for copyright infringement and reasserting that it was the owner of the copyrights at issue.[6]  Subsequently, Defendant Toytrackerz, LLC ("Toytrackerz") moved for summary judgment on Count I, arguing that it was entitled to judgment because Plaintiff could not establish ownership of the copyrights, which was an essential element of Plaintiff's copyright infringement claims.[7]  Plaintiff responded to Toytrackerz' motion,[8] relying on the declaration of Jay Horowitz, its President, sole shareholder, and director, signed June

---

[3]Compl. (doc. 1) ¶ 25.

[4]*Id.*

[5]*See* March 31, 2008 Mem. & Order (doc. 45) at 8.  The Court held in its Order that because Plaintiff had failed to allege that the works at issue were registered in compliance with the copyright laws, Plaintiff's copyright infringement claims failed to state a claim upon which relief could be granted.  The Court granted Plaintiff leave to amend its copyright infringement claims by alleging that the works had been registered.  *Id.* at 5.

[6]First Am. Compl. (doc. 49) ¶ 35.

[7]Toytrackerz' Mem. in Supp. of Mot. for Summ. J. (doc. 51) at 4-55.

[8]*See* Pl.'s Resp. to Toytrackerz' Mot. for Summ. J. (doc. 55); Pl.'s Mem. in Opp'n to Toytrackerz' Mot. for Summ. J. (doc. 56).

11, 2008.[9]  On March 31, 2009, the Court granted Toytrackerz' Motion for Summary Judgment.[10]

Judgment in favor of Toytrackerz was entered the following day, on April 1, 2009.[11]

In its March 31, 2009 Memorandum and Order, the Court explained that to recover for copyright infringement, a plaintiff must prove ownership of the copyright.[12]  To establish ownership, the plaintiff must show a chain of title proving transfer of ownership from the original author of the copyrighted work.[13]  As the Court recognized, 17 U.S.C. § 204(a) requires a transfer of copyright ownership to be set forth in a writing signed by the copyright owner.[14]  It provides:  "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."[15]  There is no requirement that the writing contain any particular language; however, "[i]t must clearly show an agreement to transfer the rights in the copyright."[16]

––––––––––––––––––––––

[9]*See* Horowitz Decl., attached as Ex. 1 to Pl.'s Resp. to Toytrackerz' Mot. for Summ. J. (doc. 55) ("First Horowitz Decl.").

[10]*See* March 31, 2009 Mem. & Order (doc. 84).

[11]*See* April 1, 2010 Judgment (doc. 85).

[12]March 31, 2009 Mem. & Order (doc. 84) at 10-11.

[13]*Id.* at 10.  The Court noted: "If a plaintiff who is not the author of the copyrighted work sues for infringement, he or she must establish a proprietary right through the chain of title in order to support a valid claim to the copyright."  *Id.* (citations omitted).

[14]*Id.* at 10 (citing 17 U.S.C. § 204(a)).

[15]17 U.S.C. § 204(a).

[16]March 31, 2009 Mem. & Order (doc. 84) at 11.

The Court identified two breaks in the chain of title, either one of which proved fatal to Plaintiff's copyright infringement claims.  The most recent break was in the alleged transfer of rights from the dissolved Marx Toys, Inc. to Plaintiff in 2003.[17]  The Court found that there was no written document in the record memorializing the alleged assignment of the copyrights from Marx Toys, Inc. to Plaintiff.[18]  Thus, the Court held that Plaintiff did not meet its burden to show that Marx Toys, Inc. had transferred the rights to Plaintiff in 2003.[19]

The Court also found an earlier break in the chain of title with respect to Chemical Bank's ownership of the copyrights.[20]  The record contained a 1988 Bill of Sale signed by Chemical Bank transferring to Plaintiff "whatever rights, if any, it had in the copyrights formerly owned by Louis Marx & Co."[21]  The record, however, contained no signed writing by Louis Marx & Co. transferring the copyrights to Chemical Bank, and, thus, there was no evidence that Chemical Bank owned the particular copyrights at issue when it transferred to Plaintiff "whatever rights, if any" it possessed.  The Court therefore held that Plaintiff did not meet its burden to establish that Chemical Bank owned the copyrights that Plaintiff claimed it received from Chemical Bank in 1988.[22]

After finding two breaks in the chain of title, the Court concluded:

> Without that unbroken chain of title, Plaintiff cannot establish its ultimate ownership
> of the copyrights.  Ownership is an essential element of Plaintiff's copyright

---

[17]*Id.* at 12.

[18]*Id.*

[19]*Id.*

[20]*Id.* at 13.

[21]*Id.* at 6-7.

[22]*Id.* at 13.

infringement claims, and Plaintiff's failure to establish the chain of title is fatal to its ability to recover for copyright infringement. The Court will therefore enter summary judgment in favor of Toytrackerz.[23]

## II.    The Relief Requested by Plaintiff

As a threshold matter, the Court must determine what rule governs Plaintiff's motion. Plaintiff styles its motion as a "Request for Reconsideration . . . Pursuant to Local Rule § 7.3 and F.R.C.P. § 60."[24] In the body of its motion (which Plaintiff has combined with its supporting brief), Plaintiff asks the Court to "reconsider" its Memorandum and Order and, upon reconsideration, deny Defendant's Motion for Summary Judgment.[25]

D. Kan. Rule 7.3 governs motions to reconsider. Rule 7.3 makes it clear, however, that it does not apply to reconsideration of dispositive orders or judgments. The Rule states: "Motions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59(e) or 60. Reconsideration of such an order or judgment will not be granted under this rule."[26]

The Federal Rules of Civil Procedure do not recognize motions to reconsider.[27] As a result, this Court typically construes any self-styled motion to reconsider a dispositive order or judgment as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment or order.[28] Under the Federal Rules of Civil Procedure in effect at the time Plaintiff filed

---

[23]*Id.*

[24]Pl.'s Mot. for Recons. (doc. 94) at i.

[25]*Id.* at 1, 10.

[26]D. Kan. Rule 7.3(a).

[27]*Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

[28]*Johnson v. Gilchrist*, No. 09-3063-SAC, 2010 WL 750256, at *1 (D. Kan. Mar. 2, 2010)
(continued...)

its motion, a Rule 59(e) motion to alter or amend judgment could only be filed within ten days of

the judgment.[29]  A Rule 60(b) motion, on the other hand, "must be made within a reasonable time,"

and if the motion is brought under subsections (b)(1), (2) or (3), no more than a year after the entry

of the judgment or order.[30]  Under the Federal Rules of Civil Procedure in effect at the time Plaintiff

filed its motion,[31] if a motion to reconsider a dispositive order or judgment is filed within ten days

of the entry of judgment, this Court will treat it as a Rule 59(e) motion to alter or amend the

judgment.[32]  If the motion to reconsider is filed more than ten days after entry of the dispositive

order or judgment, it is treated as a Rule 60(b) motion for relief from judgment or order.[33]

Here, Plaintiff seeks "reconsideration" of the Court's Order granting Toytrackerz' Motion

for Summary Judgment.  Because that order was a dispositive one, D. Kan. Rule 7.3 is inapplicable,

and either Federal Rule 59(e) or 60(b) governs.  Which of those two rules applies depends on when

Plaintiff filed its motion.  Plaintiff filed its motion on May 22, 2009, approximately two months after

---

[28](...continued)
(citing *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995)).

[29]*See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.").  Effective December 1, 2009, Rule 59(e) was amended so that motions to alter or amend a judgment may be filed within 28 days after the entry of judgment.  This change does not apply to Plaintiff's Motion, which was filed six months prior to the amendment's effective date.

[30]Fed. R. Civ. P. 60(c).

[31]On December 1, 2009, several amendments to the Federal Rules of Civil Procedure went into effect.  Because Plaintiff's motion was filed six months before the effective date of these amendments, the Court will apply the rules as they were written prior to the December 1, 2009 amendments.

[32]*Johnson*, 2010 WL 750256, at *1 (citing *Hawkins*, 64 F.3d at 546).  Under the 2009 amendment, the Court would treat it as Rule 59(e) motion to alter or amend if the motion was brought within 28 days of the entry of judgment.

[33]*Id.* (citing *Hawkins*, 64 F.3d at 546).

the Court entered its March 31, 2009 Memorandum and Order.  Thus, Rule 60(b) provides the only

relief available to Plaintiff.  Accordingly, the Court will construe Plaintiff's motion as a Rule 60(b)

motion for relief from judgment or order.

## III.    Legal Standard for a Rule 60(b) Motion for Relief from Judgment or Order

Rule 60(b) provides that "on motion and just terms" the court may relieve a party from a

final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or
> (6) any other reason that justifies relief.[34]

The Tenth Circuit has held that Rule 60(b) relief is "is extraordinary and may only be granted

in exceptional circumstances."[35]  A litigant shows "exceptional circumstances" by satisfying one or

more of the grounds listed in Rule 60(b).[36]  A party who seeks relief under Rule 60(b) has a high

hurdle to overcome because such a motion is not a substitute for an appeal.[37]  Whether to grant Rule

60(b) relief lies within the "substantial discretion" of the district court.[38]

---

[34]Fed. R. Civ. P. 60(b).

[35]*Zurich v. N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting
*Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

[36]*Van Skiver v. U.S.*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

[37]*Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

[38]*Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990).

The purpose of Rule 60(b) is not to allow the court to revisit issues it has already addressed in the underlying order.[39]  Nor is it intended as a vehicle for the losing party to "advance new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings.[40]  Moreover, Rule 60(b) does not offer a party the opportunity to re-litigate its case after the court has rendered a decision.[41]  In other words, a motion for relief from judgment "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[42]

## IV.    Analysis

Plaintiff's motion focuses on the Court's ruling that the chain of title was broken due to Plaintiff's failure to present evidence of:  (1) a signed written document establishing that Chemical Bank owned the copyrights when Chemical Bank purportedly transferred those rights to Plaintiff in 1988; and (2) a signed written document memorializing the alleged 2003 assignment of the copyrights by the dissolved Marx Toys, Inc. to Plaintiff.  Plaintiff asserts that "[t]he documents and declarations being presented in connection with this request for reconsideration complete the disputed chains of title in accordance with § 204 of the Copyright Act and relevant case law."[43]

---

[39]*Palmer v. McKune*, No. 07-3007-SAC, 2008 WL 2051096, at *3 (D. Kan. May 13, 2008) (quoting *Van Skiver*, 952 F.2d at 1243).

[40]*Id.* (citing *Van Skiver*, 952 F.2d at 1243).

[41]*Id.* (citing *Servants,* 204 F.3d at 1012).

[42]*Id.* (citing *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

[43]Pl.'s Mot. for Recons. (doc. 94) at 2.

**A.      The Transfer of Copyrights from Louis Marx & Co. to Chemical Bank in 1982**

*1.      Additional background information*

The copyrights at issue in this case were originally owned by Louis Marx & Company. Plaintiff claims that it obtained its rights to the copyrights from Chemical Bank through one or more bills of sale ("Bills of Sale").[44]  The Bills of Sale stated, *inter alia*, that "CHEMICAL BANK ("Seller") does hereby sell and transfer to AMERICAN PLASTIC EQUIPMENT, INC. ("Buyer"), Seller's interest, *if any*, in all of the . . . copyrights and related goodwill formerly owned by Louis Marx & Co. . . ."[45]  Plaintiff alleged in its First Amended Complaint that Louis Marx & Co. filed for bankruptcy in 1980 in the Southern District of New York and "[i]n these bankruptcy proceedings, Chemical Bank . . . acquired the assets of [Louis Marx & Co.] because of its status as a preferred creditor."[46]

Toytrackerz argued in its Motion for Summary Judgment that there was no legal instrument assigning the copyrights to Chemical Bank in the bankruptcy action nor any written transfer of the copyrights from Louis Marx & Co. to Chemical Bank outside of the bankruptcy proceedings.[47] Given the "if any" language in the Bill of Sale, it remained unclear whether Chemical Bank actually possessed any interest in the copyrights at issue in this case.  Thus, Toytrackerz maintained that Plaintiff could not show an unbroken chain of title through Chemical Bank, and Toytrackerz was therefore entitled to summary judgment.

---

[44]First Am. Compl. (doc. 49) ¶ 12; Pl.'s Resp. to Toytrackerz' Mot. for Summ. J. (doc. 55) at 3.

[45]April 12, 1988 Bill of Sale and June 2, 1988 Bill of Sale, attached as Exs. A & C to Mem. in Supp. of Toytrackerz' Mot. for Summ. J. (doc. 51) (emphasis added).

[46]First Am. Compl. (doc. 49) ¶ 10.

[47]Toytrackerz' Mem. in Supp. of Mot. for Summ. J. (doc. 51) at 9.

In responding to the Motion for Summary Judgment, Plaintiff never provided any evidence to show that Chemical Bank actually owned any of the copyrights at issue such that it could transfer those copyrights to Plaintiff through the Bill of Sale. Indeed, although Plaintiff had alleged in both its Complaint and First Amended Complaint that Chemical Bank acquired the copyrights from Louis Marx & Co. through the 1980's bankruptcy proceedings and its preferred creditor status, Plaintiff never asserted that in response to the Motion for Summary Judgment. Rather, Plaintiff seemingly contradicted its earlier allegation and stated in response to Toytrackerz' Statement of Uncontroverted Fact No. 7: "[T]he record in the bankruptcy court is void of any mention of the ownership of copyrights that are at issue in this case."[48] Thus, because Plaintiff failed to present any competent evidence that Louis Marx & Co ever transferred the copyrights to Chemical Bank—either through the bankruptcy proceedings or through a signed writing—the Court ruled that Plaintiff had failed to establish an unbroken chain of title through Chemical Bank. Plaintiff's failure to do so rendered it unable to prove an essential element of its copyright claims, and, thus, the Court entered summary judgment in favor of Toytrackerz.

2.    *Plaintiff's grounds for relief under Rule 60(b)*

As noted above, Plaintiff requests reconsideration "in light of . . . new evidence and relevant case law."[49] Plaintiff's "new evidence" consists of certain bankruptcy records from the 1980 bankruptcy filing of Louis Marx & Co and the declarations of Jay Horowitz, Barry Piels, and Howard Strauss, along with various documents that are attached to those declaration.

---

[48]Pl.'s Resp. to Toytrackerz' Mot. for Summ. J. (doc. 55) at 3.

[49]Pl.'s Mot. for Recons. (doc. 94) at 1.

Plaintiff states that "given the Court's March 31, 2009 Order, Plaintiff retained new intellectual property counsel who recently located the S.D.N.Y. bankruptcy files for *In re Louis Marx Co., Inc.*, Case No. 80 B 10150 (S.D.N.Y. 1980)."[50]   Plaintiff explains that in those files its new counsel found an "Order Approving Agreement with Chemical Bank" ("Bankruptcy Court Order").[51]   Plaintiff has submitted a certified copy of the Bankruptcy Court Order, which is file-stamped April 15, 1982, and states that the Bankruptcy Court is approving a March 1982 letter agreement between the debtor Louis Marx & Co. and Chemical Bank.   Attached to the Bankruptcy Court Order is Louis Marx & Co.'s Application for Order Approving Agreement with Chemical Bank, in which Louis Marx & Co. states that under the reorganization plan, it "is to transfer all of its rights, title and interest in and to all of its assets, both personal and real, to Chemical Bank . . . in satisfaction of Chemical's secured claim against Marx."[52]   The letter agreement is attached to the Application, and sets forth Louis Marx & Co.'s agreement to transfer to Chemical Bank "all of its rights, title and interest in all of its tangible assets . . . and all of its intangible assets."[53]

Plaintiff argues that these bankruptcy documents establish that Chemical Bank owned the copyrights that it transferred to Plaintiff.   More specifically, Plaintiff contends that the Bankruptcy Court Order shows that the copyrights were transferred to Chemical Bank "by operation of law."   Therefore, Plaintiff did not have to satisfy the written instrument requirement of 17 U.S.C. § 204(a).   As noted above, § 204(a) provides that "[a] transfer of copyright ownership, *other than by operation of law*, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer,

---

[50]*Id.* at 2.

[51]*See* Bankruptcy Court Order, attached as Ex. 1 to Decl. of Barry Piels (doc. 94-2).

[52]*Id.*

[53]*Id.*

11

is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."[54]   Plaintiff also appears to argue that the letter agreement would satisfy the written instrument requirement of § 204(a).

Plaintiff asserts that it is entitled to reconsideration because "[a]t the time Plaintiff filed its response to Defendant's motion for summary judgment, it did not have copies of the bankruptcy records within its possession."[55]   Plaintiff states that "[f]or over twenty five (25) years, no one had ever called into question the Bill of Sale evidencing the assignment of IP rights from Chemical Bank to [Plaintiff] since Chemical Bank, founded in 1823, was a well-established and respected financial institution."[56]

Plaintiff also provides the declarations of Jay Horowitz,[57] Barry Piels,[58] and Robert Strauss,[59] all of which were signed in May 2009 and expressly state they are being filed in support of Plaintiff's motion.   Plaintiff contends that these declarations and their attached documents are additional "new evidence" that entitle it to reconsideration.

The first declaration is that of Mr. Horowitz, who is, as noted above, is the President, sole shareholder, and director of Plaintiff.  He states in his declaration:  "I am aware that as a secured creditor, Chemical Bank was awarded all assets of Louis Marx Co., Inc. by the bankruptcy court in

---

[54] 17 U.S.C. § 204(a) (emphasis added).

[55] Pl.s' Mot. for Recons. (doc. 94) at 1.

[56] *Id*. at 1-2.

[57] Horowitz Decl., attached as Ex. 3 to Pl.'s Mot. for Recons. (doc. 94-3) ("Second Horowitz Declaration").

[58] Piels Decl., attached as Ex. 2 to Pl's Mot. for Recons. (doc. 94-2) ("Piels Decl.").

[59] Strauss Decl., attached as Ex. 1 to Pl.'s Mot. for Recons. (doc. 94-1) ("Strauss Decl.").

*In re Louis Marx Co. Inc.*, Case No. 80-B 10150 (S.D. N.Y. 1980)."[60]  Attached to Mr. Horowitz'

declaration are a number of documents, including (1) a handwritten sales agreement between

Plaintiff and David Strauss & Co., Inc., the company retained by Chemical Bank to appraise and

liquidate Louis Marx & Co.'s assets in 1982, for the sale of equipment and molds;[61] (2) a 1984 letter

from the Vice-President of Chemical Bank to Plaintiff, in which Chemical Bank confirms that it had

assigned molds and equipment to Plaintiff and that Chemical Bank would not "assert any patent or

copyright rights it had as a successor to Louis Marx & Co., Inc. or its affiliated companies to object

to your use of those molds and dies or the sale of products made from them";[62] and (3) a June 1988

letter to Mr. Horowitz from Chemical Bank enclosing three bills of sale which state that Chemical

Bank is transferring to Plaintiff Chemical Bank's "interest, if any, in all of the trademarks, patents,

copyrights and related goodwill formerly owned by Louis Marx & Co." to Plaintiff.[63]

The second declaration is that of Barry Piels, who states that he was general counsel to Louis

Marx & Co. from 1978 to June 1982.[64]  Mr. Piels states that Chemical Bank became the owner of

Louis Marx & Co.'s intellectual property assets through the Louis Marx & Co. bankruptcy

proceedings and that Chemical Bank had the power and authority to transfer or assign those rights.[65]

Attached to Mr. Piels' declaration are the Bankruptcy Court Order and the other bankruptcy

---

[60]Second Horowitz Decl., ¶ 4.

[61]*See* Second Horowitz Decl., Ex. 1.

[62]*See* Second Horowitz Decl., Ex. 2.

[63]*See* Second Horowitz Decl., Ex. 3.

[64]Piels Decl., ¶ 4.

[65]*Id.*, ¶¶ 5-7.

documents discussed above.[66]   Plaintiff provides Mr. Piels' declaration to authenticate the bankruptcy documents and to provide further support for its position that Chemical Bank did in fact acquire the copyrights from Louis Marx & Co. through the bankruptcy proceedings and through the letter agreement attached to the April 15, 1982 Bankruptcy Court Order.

The third declaration is that of Robert Strauss, who indicates that he is president of David Strauss & Co., Inc., the company which was retained by Chemical Bank in 1982 to appraise and liquidate Louis Marx & Co.'s assets.[67]  Mr. Strauss states in his declaration that David Strauss & Co. sold Louis Marx & Co.'s "production molds" to Plaintiff in October 1982 and that the sale "was made under authority of and approved by Chemical Bank."[68]   Attached to Mr. Strauss' declaration is "a hand-written invoice from [David Strauss & Co., Inc.] to American Plastic on the date of the sale in October, 1983 signed by my father."[69]  Plaintiff asserts that this invoice is "a hand-written assignment from Strauss to American Plastic . . . which was confirmed by Chemical Bank."[70]  Apparently, Plaintiff contends this  "assignment" of the molds (which were presumably used to make the copyrighted figures) is further evidence that Chemical Bank acquired the copyrights from Louis Marx & Co.  Also attached to Mr. Strauss' declaration are copies of advertisements for a 1982 public auction of Louis Marx & Co.'s assets.[71]

---

[66]Piels Decl., Ex. 1.

[67]Strauss Decl., ¶¶ 1-5.

[68]*Id.*, ¶ 8.

[69]*Id.*, ¶ 9 and Ex. 2 attached thereto.

[70]Pl.'s Mot. for Recons. (doc. 94) at 4.

[71]Strauss Decl., ¶ 7 and Ex. 1 attached thereto.

### 3. Which subsection of Rule 60(b) applies?

Plaintiff does not specify the particular subsection of Rule 60(b) upon which it relies. In fact, Plaintiff only mentions Rule 60(b) once in its entire motion, and that is a mere reference to "F.R.C.P. § 60" in the title of its motion. As noted above, there are six subsections to Rule 60(b), and each one provides for relief under different circumstances. Nor does Plaintiff cite or discuss any case law applying Rule 60(b) or any of its subsections.[72] Because, however, Plaintiff refers to the bankruptcy records and the declarations and their attached documents as "new evidence," the Court presumes Plaintiff is relying upon subsection (b)(2), which authorizes relief from judgment based on "newly discovered evidence."[73] The Court will therefore confine its analysis of Plaintiff's arguments relating to Chemical Bank to subsection (b)(2).

### 4. Law applying Rule 60(b)(2)

Under Rule 60(b)(2), the court may relieve a party from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[74] Rule 60(b)(2) motions are not favored.[75] To overcome

---

[72]The Court finds it curious that a party moving for such exceptional relief would fail to identify the specific subsection of the Rule under which it moves or fail to cite any legal authority applying Rule 60(b). The Court also notes that Plaintiff has failed to comply with D. Kan. Rule 7.6, which requires all briefs filed with the Court to contain, *inter alia*, "argument, which shall refer to all statues, rules and authorities relied upon." Although Plaintiff fails to comply with this requirement, the Court will nevertheless entertain Plaintiff's motion.

[73]Fed. R. Civ. P. 60(b)(2). None of the other subsections appear even remotely applicable. Plaintiff's request for relief does not appear to fall within subsections (b)(1) for mistake, inadvertence, surprise, or excusable neglect; (b)(3) for fraud; (b)(4) for void judgment; (b)(5) for a satisfied, released judgment; or (b)(6) for other reasons.

[74]Fed. R. Civ. P. 60(b)(2).

[75]*Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1764365, at *3 (D. Kan. June 27, 2006) (quoting *Lynn v. Simpson*, No. 97-3209-JWL, 2000 WL 1389922, at *7 (D. Kan. Feb. 28, 2000) (continued...)

15

the "high hurdle" required for relief under Rule 60(b)(2),[76] the moving party must satisfy all five of the following requirements:

> (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.[77]

Significantly, the first and second factors require not only a showing that the evidence was not in the movant's possession before the court's order or judgment, but a showing that the movant could not have known of and obtained the evidence through diligence prior to the court's order.[78]

### 5.    Application of Rule 60(b)(2) to the facts of this case

Plaintiff has submitted two categories of "newly discovered evidence" in support of its motion.  The first category consists of the bankruptcy documents, i.e., the April 15, 1982 Bankruptcy Court Order approving the agreement between Chemical Bank and Louis Marx & Co., the attached application for approval of the letter agreement, and the letter agreement itself.  The second category consists of the Horowitz, Piels and Strauss declarations signed in May 2009 and the attached documents.

The Court will first consider the bankruptcy documents.  It is clear that these documents existed prior to the entry of summary judgment; in fact they have been in existence since 1982.

---

[75](...continued)
(citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 727 (10th Cir. 1993)).

[76]*Zurich*, 426 F.3d at 1289.

[77]*Id.* at 1291 (quoting *Graham v. Wyeth Lab.*, 906 F.2d 1399, 1416 (10th Cir. 1990)).

[78]*Pappas v. Frank Azar & Assocs., P.C.*, No. 06-cv-01024-MSK-BNB, 2008 WL 920132, at *2 (D. Colo. Apr. 3, 2008) (citing *Zurich*, 426 F.3d at 1289-90; *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994).

Plaintiff fails to explain in its motion whether it was aware of these document prior to the Court's March 31, 2009 Memorandum and Order.  Plaintiff merely states that "[a]t the time Plaintiff filed its response to Defendant's motion for summary judgment, it did not have copies of the bankruptcy records within its possession."[79]  The Court notes, however, that Plaintiff did assert in both its initial March 9, 2007 Complaint and its April 9, 2008 Amended Complaint that Louis Marx & Co. had filed bankruptcy proceedings in the Southern District of New York in 1980 and that "[i]n these bankruptcy proceedings, Chemical Bank of New York acquired the assets of [Louis Marx & Co.] because of its status as preferred creditor of [Louis Marx & Co.]."[80]  Obviously then, Plaintiff knew well before Toytrackerz moved for summary judgment that Chemical Bank allegedly obtained the copyright interests through the bankruptcy action and it had reason to believe that the bankruptcy court file might reveal records of the transfer.

Despite these allegations, however, Plaintiff, in responding to Toytrackerz' Motion for Summary Judgment, inexplicably stated that "the record in the bankruptcy court is void of any mention of the ownership of copyrights that are at issue in this case."[81]  This would appear to contradict the position that Plaintiff is now taking in its motion.  Thus, the record is unclear as to whether Plaintiff had knowledge of the Bankruptcy Court Order and letter agreement at the time it responded to the Motion for Summary Judgment.

Even assuming arguendo that Plaintiff did *not* have prior knowledge of these documents, Plaintiff makes no attempt to show that it was diligent in obtaining them.  Plaintiff fails to explain why it could not have located these documents years ago.  As Toytrackerz points out, bankruptcy

---

[79]Pl.s' Am. Mot. for Recons. (doc. 94) at 1.

[80]Compl. (doc. 1), ¶ 10; First Am. Compl. (doc. 49), ¶ 10.

[81]Pl.'s Resp. to Toytrackerz' Mot. for Summ. J. (doc. 55) at 3.

court records are generally available to the public, and Toytrackerz itself was able to locate the file merely be calling the Clerk's Office of the Southern District of New York.[82]  It appears that Plaintiff could have easily searched the bankruptcy records, and, with minimal effort and expense, obtained them prior to the summary judgment ruling.  Plaintiff could have responded to the summary judgment motion by arguing, as it does here, that the Bankruptcy Court's Order approving the letter agreement transferred the copyrights "by operation of law" so as to satisfy 17 U.S.C. § 204(a) or that the letter agreement satisfied the signed, written transfer document requirement.

Finally, Plaintiff provides no legitimate reason that might excuse its failure to look for these records.  The fact that "no one had ever called into question the Bill of Sale evidencing the assignment of IP rights from Chemical Bank" or the fact that Chemical Bank "was a well-established and respected financial institution"[83] does not justify Plaintiff's inaction.  Plaintiff alleged in both its Complaint and Amended Complaint that it was "the valid owner" of the copyrights at issue.[84]  Plaintiff knew, or should have known, that ownership is an essential element of its copyright infringement claims.  If nothing else, the Court's March 31, 2008 Memorandum and Order ruling on Defendants' Motion to Dismiss Count I informed Plaintiff that ownership is an essential element of any copyright infringement claim.[85]

The Court will next consider the other category of "newly discovered evidence" Plaintiff has submitted pertaining to Chemical Bank's ownership of the copyrights, i.e., the declarations of

---

[82]*See* Def.'s Resp. to Mot. for Recons. (doc. 95) at 7.

[83]Pl.'s Mot. for Recons. (doc. 94) at 1-2.

[84]Compl. (doc. 1), ¶ 35; First Am. Compl. (doc. 49), ¶ 35.

[85]*See* March 31, 2008 Mem. & Order (doc. 45) at 4 ("[A] properly pled copyright infringement claim must allege . . . that the plaintiff owns the copyright . . . .").

Horowitz, Piels, and Strauss and attached documents.  Plaintiff makes no attempt whatsoever to explain why these declarations or the attached exhibits could not have been obtained earlier and submitted with Plaintiff's response to Toytrackerz' Motion for Summary Judgment.  As noted above, each declaration was dated May 2009 and created for the stated purpose of supporting Plaintiff's Motion for Reconsideration.  There is no reason to believe that any of these individuals were unavailable at the time Plaintiff filed its summary judgment response.  In fact, one of the declarants, Jay Horowitz provided a declaration dated June 11, 2008 in connection with Plaintiff's summary judgment response.[86]  Plaintiff never explains why Mr. Horowitz could not have provided this allegedly "new" evidence in his June 11, 2008 declaration that was submitted in opposition to Toytrackerz' Motion for Summary Judgment.  The documents attached to the three new declarations date back to the 1980s, and Plaintiff makes no attempt to explain how they are "newly discovered" or why they could not have been submitted in opposition to Toytrackerz' Motion for Summary Judgment.  In fact, the three bills of sale attached to Mr. Horowitz's new declaration are not new at all—they were submitted by Toytrackerz with its Motion for Summary Judgment.[87]

Based on the foregoing, the Court holds that Plaintiff has failed to submit any "newly discovered evidence" that it could not have discovered, with reasonable diligence, in time for the Court to consider it in ruling on Toytrackerz' Motion for Summary Judgment.  The arguments and factual support offered by Plaintiff in its motion were available when the issues were originally briefed, and Plaintiff's failure to present its strongest case in the initial summary judgment briefing does not entitle it to a second chance to litigate the same issues.

---

[86]*See First* Horowitz Decl.

[87]*See* Exs. A-C, attached to Toytrackerz' Mem. in Supp. of  Mot. for Summ. J. (doc. 51).

In sum, the Court holds that Plaintiff's motion fails to satisfy the demanding standard for obtaining relief from judgment under Rule 60(b)(2) with respect to Chemical Bank's acquisition of the copyrights from Louis Marx & Co. The Court therefore denies Plaintiff's motion with respect to issues involving Chemical Bank's ownership of the copyrights. The Court's analysis of Plaintiff's motion could end at this juncture because Plaintiff's failure to establish an unbroken chain of title through Chemical Bank is fatal to Plaintiff's ability to recover for copyright infringement.[88] Nonetheless, the Court will proceed to consider Plaintiff's second basis for reconsideration, which concerns the purported reconveyance of the copyrights from Marx Toys, Inc. to Plaintiff in 2003.

**B.     The Transfer of Copyrights from Marx Toys, Inc. to Plaintiff in 2003**

   *1.     Further background information*

In its Motion for Summary Judgment, Toytrackerz argued that Plaintiff had no right to the copyrights because on August 1, 2000, Plaintiff had executed one or more bills of sale transferring, *inter alia,* the copyrights to Marx Toys, Inc.[89] In its response to the Motion for Summary Judgment, Plaintiff did not controvert this transfer, but asserted that Marx Toys, Inc. subsequently conveyed the copyrights back to Plaintiff in 2003.[90] In support of its claim, Plaintiff presented the June 11, 2008 declaration of Jay Horowitz, in which Mr. Horowitz stated that in addition to being the President, sole shareholder and director of Plaintiff, he was founder and director of Marx Toys, Inc.[91] He further stated that Marx Toys, Inc. was administratively dissolved in 2003, and as part of the

---

[88]*See* March 31, 2009 Mem. & Order (doc. 84) at 13.

[89]Mem. in Supp. of Toytrackerz' Mot. for Summ. J. (doc. 51) at 15; Mot. for Summ. J. (doc. 50) Statement of Uncontroverted Fact. 12.

[90]Pl.'s Resp. to Toytrackerz' Mot. for Summ. J. (doc. 55) at 4; Pl's Mem. in Opp'n to Toytrackerz' Mot. for Summ. J. (doc. 56) at 2.

[91]First Horowitz Decl., ¶¶ 2, 3.

winding down of the corporation's affairs, he assigned all intellectual property rights of Louis Marx & Co. origin back to Plaintiff.[92]

Toytrackerz argued that there was no written document in the record evidencing this transfer back to Plaintiff, and, thus, Plaintiff could not show an unbroken chain of title to the copyrights. The Court agreed, holding that Mr. Horowitz' declaration was insufficient to establish transfer of the copyrights to Plaintiff.  Absent a written document signed by the owner, i.e., Marx Toys, Inc., transferring the copyrights to Plaintiff, Plaintiff could not establish the requisite chain of title and ultimate ownership of the copyrights.

### 2.   *Plaintiff's grounds for relief under Rule 60(b)*

In its motion, Plaintiff submits "new evidence" in the form of a  "*Nunc Pro Tunc Assignment*" executed by Jay Horowitz on May 20, 2009.[93]  The Nunc Pro Tunc Assignment states that "in a transaction effective as of September 1, 2003, MARX TOYS, INC., . . . did sell, assign and transfer back to American Plastic Equipment, Inc. . . . all intellectual property assets (trademarks, copyrights, patents, etc.) that were assigned to Marx Toys, Inc. pursuant to a Bill of Sale dated August 1, 2000 . . . ."[94]  In addition, the Nunc Pro Tunc Assignment states that Marx Toys, Inc. and Plaintiff "are desirous to confirm such assignment, and to make the same a matter of record in the United States Copyright Office and elsewhere."[95]

---

[92]*Id.*, ¶ 20, 22.

[93]*See* Second Horowitz Decl., ¶ 19 and Nunc Pro Tunc Assignment attached as Ex. 8.

[94]Nunc Pro Tunc Assignment, attached as Ex. 8 to Second Horowitz Decl.

[95]*Id.*

Plaintiff cites to various cases which hold that a prior oral transfer of copyrights may be confirmed in a later writing.[96] Relying on those cases, Plaintiff argues that its Nunc Pro Tunc Assignment satisfies the requirement of a written assignment under 17 U.S.C. § 204(a).  Plaintiff therefore asks the Court to reconsider its ruling and, upon reconsideration, conclude that Plaintiff has "properly confirmed" the chain of title."[97]

In addition, Plaintiff explains that in responding to Toytrackerz' Motion for Summary Judgment, it relied on Mr. Horowitz' June 11, 2008 declaration and did not submit further evidence of the reconveyance because "the case law indicates that if a plaintiff assigned his copyright in writing but claims title by reason of an oral reconveyance, oral evidence of the reconveyance is admissible, if no one in the plaintiff's chain of title is claiming adversely to the plaintiff in the instant action."[98]  In other words, had the Court relied upon that case law, it would have ruled that Mr. Horowitz' declaration was sufficient to establish the transfer.

### 3.      Which subsection of Rule 60(b) applies?

Once again, Plaintiff does not cite to any particular subsection of Rule 60(b) to support its request for relief.  Because Plaintiff's motion seeks reconsideration "in light of . . . new evidence," the Court will consider the Nunc Pro Tunc Assignment to be a proffer of "newly discovered evidence" under Rule 60(b)(2).  Thus, the Court will analyze this issue under Rule 60(b)(2).  Out of an abundance of caution, the Court will also analyze this issue under Rule 60(b)(1), which allows for relief from judgment or order based on mistake.

---

[96] Pl.'s Mot. for Recons. (doc. 94) at 9.

[97] *Id*. at 10.

[98] *Id*. at 8, n.2 (case citations omitted).

22

### 4.      *Newly discovered evidence under Rule 60(b)(2)*

As noted above, to obtain relief under Rule 60(b)(2), the movant must present "*newly discovered* evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[99] The Nunc Pro Tunc Assignment proffered by Plaintiff, however, is not "newly discovered" evidence but rather "newly created" evidence. The Court therefore holds that it does not justify relief under Rule 60(b)(2).

The Court's conclusion is supported by *FM Industries, Inc. v. Citicorp Services, Inc.*,[100] wherein the plaintiff submitted what it called a "nunc pro tunc transfer" document in conjunction with its Rule 60(b)(2) motion. Similar to this case, the plaintiff in *FM Industries* filed a Rule 60(b)(2) motion challenging the court's summary judgment rulings on copyright ownership issues.[101] The "nunc pro tunc transfer" was created and signed after the Court entered its adverse summary judgment rulings, and the plaintiff submitted it to memorialize an allegedly lost original document transferring the copyrights.[102] The court found that the nunc pro tunc transfer document was "newly created for purposes of litigation" and therefore could not be deemed "newly discovered" evidence within the meaning of Rule 60(b)(2).[103]

Like the "nunc pro tunc transfer" in *FM Industries*, Plaintiff's "Nunc Pro Tunc Assignment" was created after the Court's summary judgment ruling was issued. It therefore cannot be

---

[99]Fed. R. Civ. P. 60(b)(2) (emphasis added).

[100]No. 07 C 1794, 2008 WL 4722086 (N.D. Ill. Oct. 21, 2008).

[101]*Id*. at *1.

[102]*Id.*

[103]*Id*. at *1-2. *See also Spain v. EMC Mortgage Co.*, No. 07-0308-PHX-RCB, 2009 WL 2590100, at *5 (D. Ariz. Aug. 20, 2009) (holding that a "corrected" warranty deed was not "newly discovered evidence" because it was not in existence at the time of the trial).

considered "newly discovered" evidence and cannot be used to justify relief from judgment or order under Rule 60(b)(2).

### 5.   Mistake under Rule 60(b)(1)

Reading Plaintiff's motion quite liberally, it might be construed as seeking relief under Rule 60(b)(1) based on judicial mistake, i.e., that the Court erred in requiring Plaintiff to submit a written instrument memorializing Marx Toys' Inc.'s 2003 reconveyance of the copyrights to Plaintiff. Plaintiff cites several cases for the proposition that where a party has assigned its copyrights in writing, but claims title by reason of an oral reconveyance, oral evidence of the reconveyance is admissible, so long as no one in that party's chain of title is claiming adversely to the plaintiff in the instant action.[104]   Apparently, Plaintiff contends that Mr. Horowitz's 2008 declaration was the equivalent of "oral evidence," and, thus, the Court should not have required Plaintiff to submit a signed writing to prove the reconveyance.

Under Rule 60(b)(1), a court may relieve a party from a judgment based on "mistake."[105] Courts have construed the term "mistake" to encompass judicial mistakes or errors, i.e., those situations where "the judge has made a substantive mistake of law or fact in the final judgment or order."[106]   When Rule 60(b)(1) is used to challenge such a judicial mistake, the Tenth Circuit

---

[104]Pl.'s Mot. for Recons. (doc. 94) at 10 n.2 (citing *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946); *Kingsrow Enters., Inc. v. Metromedia Inc.*, 203 U.S.P.Q. 489 (S.D.N.Y. 1978); *Law v. Nat'l Broad. Co.*, 51 F. Supp. 798 (S.D.N.Y. 1943).

[105]Fed. R. Civ. P. 60(b)(1) ("On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.").

[106]*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

requires that the motion for relief be filed  before the time to file a notice of appeal has expired.[107]

In other words, the Rule 60(c) requirement that the motion for relief be filed "within a reasonable

time" is met only if the motion is filed within the same time period as for filing a notice of a direct

appeal.[108]  Consequently, any Rule 60(b)(1) motion based on judicial error must be filed within thirty

days of the judgment or dispositive order.[109]  This time limitation applies because "Rule 60(b) is not

intended to be a substitute for a direct appeal."[110]

Here, Plaintiff's motion was not filed until May 22, 2009, which was 52 days after the filing

of the Memorandum and Order on March 31, 2009 and 53 days after the entry of judgment on April

1, 2009.  Plaintiff's motion was therefore filed well after the 30-day appeal time had run.  Thus, even

assuming arguendo that Plaintiff could show judicial error,[111] because Plaintiff's motion was not

filed within the time period for filing a notice of appeal, no relief is available under Rule 60(b)(1).

---

[107]*See Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 578 (10th Cir. 1996) ("[W]e have construed the requirement in Rule 60(b)(1) that 'the motion shall be filed within a reasonable time' in this situation to be contemporaneous with the time constraints for taking a direct appeal."); *Van Skiver*, 952 F.2d at 1244 ("[R]elief may be granted under Rule 60(b)(1) on a theory of mistake of law, when . . . the Rule 60(b) motion is filed before the time to file a notice of appeal has expired."); *Thompson v. Kerr-McGee Refining Corp*., 660 F.2d 1380, 1385 (10th Cir. 1981) (indicating that Rule 60(b) motions to vacate mistakes of law are governed by the thirty day appeals deadline). *See also Garcia v. Berkshire Life Ins. Co. of Am.*, No. 04-cv-01619-LTB-BNB, 2008 WL 5104813, at *5 (D. Colo. Dec. 3, 2008) (applying 30-day rule to Rule 60(b) motion for relief from judgment based on judicial mistake).

[108]*Cashner*, 98 F.3d at 576.

[109]*Id.* at 578-79; *Van Skive*r, 952 F. 2d at 1244.  *See also* Fed. R. App. P. 4(a) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.").

[110]*Cashner,* 98 F.3d at 576.

[111]The Court makes no ruling as to whether the cases cited Plaintiff stand for the proposition asserted by Plaintiff or whether any judicial error occurred.

In addition, the Court notes that even if Plaintiff's motion would have been timely filed within the 30-day appeal period, Plaintiff would not be entitled to relief under Rule 60(b)(1). The Tenth Circuit has held that "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."[112] In its response to the summary judgment motion, Plaintiff never argued that it was relieved of the requirement to provide a signed writing because of the purported oral reconveyance and it never cited the cases it now cites for the first time. In other words, Plaintiff is advancing a new argument and new facts that could have been presented when the original summary judgment motion was briefed. Relief from judgment is not available under such circumstances. The Court therefore denies relief from judgment as to the reconveyance of the copyrights from Marx Toys, Inc. to Plaintiff in 2003.

## V.    Conclusion

Relief under Rule 60(b) is an extraordinary remedy reserved for exceptional circumstances. A moving party must clear a "high hurdle" to satisfy the requirements for obtaining relief from an adverse judgment or order. Plaintiff has not cleared the hurdle because it fails to present any newly discovered evidence that, with diligence, it could not have discovered in time to respond to Toytrackerz' Motion for Summary Judgment. Moreover, Plaintiff attempts to reargue issues previously addressed by the Court by advancing for the first time new arguments and supporting facts that were available for Plaintiff to present in opposing the Motion for Summary Judgment. Rule 60(b) relief is simply not available under such circumstances. The Court therefore denies Plaintiff's motion.

---

[112]*Cashner,* 98 F.3d at 577.

**IT IS THEREFORE ORDERED** that Plaintiff's Request for Reconsideration of Memorandum and Order of March 31, 2009 Pursuant to Local Rule § 7.3 and F.R.C.P. § 60" (doc. 94), which the Court construes as a Rule 60(b) Motion for Relief from Judgment, is denied.

**IT IS SO ORDERED.**

Dated this 31st day of March 2010, at Kansas City, Kansas.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel and *pro se* parties