DJW/1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**AMERICAN PLASTIC EQUIPMENT, INC.,**

**Plaintiff,** **Civil Action**

**v.** **No. 07-2253-DJW**

**TOYTRACKERZ, LLC, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion for Attorney's Fees (doc. 86) filed by Defendants Toytrackerz, LLC ("Toytrackerz") and Noah Coop (collectively "Movants'). Movants seek to recover attorney's fees under the Lanham Act and Copyright Act. In addition, they seek sanctions against Plaintiff's counsel, David Herron, II, pursuant to 28 U.S.C. § 1927. For the reasons set forth below, the motion is denied.

## I. Nature of the Matter Before This Court

Movants seek to recover their attorney's fees under section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), asserting they were prevailing parties because the Court dismissed Plaintiff's trademark infringement claims against them. They contend this is an "exceptional case" as required by § 1117(a). Movants also seek to recover their attorney's fees under section 17 U.S.C. § 505 of the Copyright Act, asserting they were prevailing parties because the Court entered summary judgment in their favor on Plaintiff's copyright infringement claims. Finally, they assert they are entitled to sanctions under 28 U.S.C. § 1927 based on the alleged sanctionable conduct of Plaintiff's attorney, David Herron, II, in filing and pursuing this lawsuit and other related lawsuits.

## II. Procedural Background

Plaintiff American Plastic Equipment, Inc. ("American"), originally filed this action in the Western District of Missouri on March 9, 2007. The case was transferred to this District on June 13, 2007. American sued Toytrackerz and its managing member, Noah Coop, for copyright infringement, trademark infringement, dilution, trade dress infringement, cybersquatting, and unfair competition. On March 31, 2008, the Court dismissed Counts II-IX of American's Complaint, leaving only American's copyright infringement claims (Count I) in the case. [1]

Before this case was filed, Toytrackerz had filed on January 6, 2006 a declaratory judgment action against American in the District Court of Bourbon County, Kansas ("State Court Action").[2] Toytrackerz sought a declaratory judgment that American was without right or authority to threaten to sue or sue Toytrackerz under state or common law for infringement of certain trademarks. Those trademarks were some of the same as those at issue in this case.

On June 7, 2007, American filed in the State Court Action a pleading entitled "Voluntary Withdrawal of Answer, Counterclaim and Third Party Claim."[3] In that pleading, American asked that its Answer, Counterclaim, and Third-Party Claims be dismissed without prejudice. The pleading stated as follows:

> In open court on May 1, 2007 [American] announced the voluntary withdrawal of its Answer, Counterclaim and third-party claim, coupled with its consent to judgment under [Toytrackerz' Petition, which exclusively seeks relief under Kansas law. While [American] has no objection to the entry of an order declaring the rights of the parties hereto with regard to Kansas law, [American] persists in the enforcement of its rights under federal law. In that regard, on March 7, 2007, [American] filed a

---

[1]*See* March 31, 2008 Mem. & Order (doc. 44)

[2]*See* Pet. for Declaratory J., Case No. 06 CV 0004, attached as Ex. E. to Defs.' Br. in Supp. of Mot. to Dismiss (doc. 21).

[3]S*ee* Voluntary Withdrawal of Answer, Countercl. and Third Party Claim in Case No. 06 CV 0004, attached as Ex. L. to Defs.' Br. in Supp. of Mot. to Dismiss (doc. 21).

Complaint with the United States District Court for the Western District of Missouri seeking to enforce its rights under federal law.[4]

On August 1, 2007, a Journal Entry of Judgment was signed by Toytrackerz, American, and the State Court Judge and then filed in the State Court Action. The Journal Entry recited that the State Court had jurisdiction over the subject matter and the parties (Toytrackerz and American) and that American had no protected or actionable interests in the trademarks under Kansas statutory or common law.[5] The Journal Entry of Judgment dismissed, without prejudice, American's Answer, Counterclaim, and Third-Party Claims in their entirety.[6]

Subsequently, on August 6, 2007, Toytrackerz and Noah Coop filed a motion to dismiss Counts II-X in this action, asserting violation of the compulsory counterclaim rule, res judicata, and collateral estoppel. In ruling on that motion, the Court found that Counts I - V of American's State Court Counterclaim arose out of the same transactions and occurrences as the claims asserted by American in Counts I - V of this case,[7] i.e. American's claims for copyright infringement, trademark infringement, dilution, trade dress infringement, and cybersquatting. In a Memorandum and Order entered on March 31, 2008, this Court dismissed Counts II-VI on grounds they were compulsory counterclaims in the State Court Action that could not be relitigated in the instant case.[8]

---

[4]*Id.*

[5]Journal Entry of J., Case No. 06 CV 04, attached as Ex. A to Defs.' Br. in Supp. of Mot. to Dismiss (doc. 21).

[6]*Id.*

[7]March 31, 2008 Mem. & Order (doc. 44) at 20.

[8]*Id.* at 21-22.

The Court also found that Counts II-IX of the present action alleged the same claims that American either brought and voluntarily dismissed in the State Court Action or could have brought in the State Court Action.[9] The Court held that, regardless of whether American relied on Kansas or federal trademark law, the same facts, same parties, and same issues had been litigated before a court of competent jurisdiction. Thus, the Court ruled that Counts II-IX of the present action were barred by the doctrine of res judicata.[10]

The Court also held that the collateral estoppel applied. The Court noted that American had to have a protected or actionable interest in the trademarks to prevail on its trademark claims in Counts II-IX of this action.[11] By signing the Journal Entry in the State Court Action, however, American had conceded in that action that it had no protected or actionable interest in the trademarks, and the State Court had entered judgment specifically finding that American had no such interests in the trademarks. The Court therefore ruled that American's interests in the trademarks had been conclusively resolved by a court of competent jurisdiction.[12] The Court concluded that the doctrine of collateral estoppel applied and prevented relitigation of those issues in this case.[13] Shortly after Toytrackerz and Noah Coop filed their motion to dismiss Counts II-X, they also filed a motion to dismiss Plaintiff's copyright infringement claims (Count I) for lack

[9]*Id*. at 28.

[10]*Id*.

[11]*Id*. at 31-32.

[12]*Id*. at 31.

[13]*Id*. at 32.

of subject matter jurisdiction.[14] The Court denied their motion without prejudice and allowed American leave to amend Count I to cure certain procedural pleading deficiencies.[15] American filed its Amended Complaint on April 9, 2008, amending its claims for copyright infringement and reasserting that it was the owner of the copyrights at issue.[16]

Subsequently, Toytrackerz moved for summary judgment on Count I, arguing that it was entitled to judgment because American could not establish ownership of the copyrights.[17] The Court granted Toytrackerz' Motion for Summary Judgment after finding there were two breaks in the chain of title to the copyrights at issue.[18] The Court concluded that without an unbroken chain of title, American could not establish ultimate ownership of the copyrights, which was an essential element of American's copyright infringement claims.[19] The Court ruled that American's failure to establish chain of title was fatal to its ability to recover for copyright infringement, and the Court entered summary judgment in favor of Toytrackerz.[20]

---

[14]Defs.' Mot. to Dismiss for Lack of Jurisdiction (doc. 22).

[15]*See* March 31, 2008 Mem. & Order (doc. 45) at 8. The Court held in its Order that because Plaintiff had failed to allege that the works at issue were registered in compliance with the copyright laws, Plaintiff's copyright infringement claims failed to state a claim upon which relief could be granted. The Court granted Plaintiff leave to amend its copyright infringement claims by alleging that the works had been registered. *Id.* at 5.

[16]Am. Compl. (doc. 49), ¶ 35.

[17]Toytrackerz' Mot. for Summ. J. (doc. 50) at 5.

[18]March 31, 2009 Mem. & Order (doc. 84) at 12-13.

[19]*Id.* at 13-14.

[20]*Id*. For reasons that were unclear to the Court, Noah Coop did not join in Toytrackerz' Motion for Summary Judgment. Because the same defects in American's chain of title would prevent American from recovering against Noah Coop, the Court issued an Order directing (continued...)

On May 22, 2009, American filed a motion for reconsideration of the Court's March 31, 2009 ruling on Toytrackerz' Motion for Summary Judgment.[21] American sought reconsideration and relief from the Court's judgment by submitting what it termed "new evidence" that completed the chain of title. On March 31, 2010, the Court denied American's motion, holding that American had failed to present any newly discovered evidence that, with diligence, it could not have discovered in time to respond to Toytrackerz' Motion for Summary Judgment.[22]

With this procedural background in mind, the Court will now turn to Movants' request for fees under both the Lanham Act and Copyright Act and their request for sanctions under 28 U.S.C. § 1927.

## III. Movants' Request for Fees Under the Lanham Act

### A. The Applicable Law

Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Thus, this Court may award fees in this case only if (1) Movants are prevailing parties; and (2) this is an "exceptional" case. American does not dispute that Movants are prevailing parties, and the Court agrees.[23]

---

[20](...continued)
American to show cause why summary judgment should not also be entered in favor of Mr. Coop. *See* April 10, 2009 Show Cause Order (doc. 88). Because American did not respond to the Show Cause Order, the Court entered judgment in favor of Noah Coop and against Plaintiff on March 31, 2010. *See* doc. 98 & 99.

[21]Pl.'s Req. for Recons. of Mem. & Order of March 31, 2009 Pursuant to Local Rule § 7.3 and F.R.C.P. § 60 (doc. 93).

[22]*See* March 31, 2010 Mem. & Order (doc. 97).

[23]*See King v. PA Consulting Group, Inc.*, 485 F.3d 577, 593-92 (10th Cir. 2007) (applying 15 U.S.C. § 1117(a) to a prevailing defendant).

American does, however, vigorously dispute that this is an exceptional case warranting the award of fees.

Section 1117(a) does not define what constitutes an "exceptional" case. The Court must therefore look to the case law for guidance. The Tenth Circuit set forth the procedure for analyzing fee claims brought by prevailing defendants under § 1117(a) in *National Association of Professional Baseball Leagues, Inc. v. Very Minor Leagues, Inc*.[24] The court first referred to the statute's legislative history and observed that there are two considerations for prevailing defendants who seek attorney fees: "One, an objective consideration, is whether the suit was 'unfounded.' The other, a subjective consideration, is whether the suit was brought by the trademark owner 'for harassment and the like.'"[25] The court went on to state: "No one factor is determinative, and an infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it was prosecuted, or (4) perhaps for other reasons as well."[26]

The Tenth Circuit held that the award of attorney fees under the statute lies within the district court's discretion.[27] Even in those cases that a district court finds are exceptional, the court may, in its discretion, decline to award fees.[28]

**B. Analysis**

---

[24]223 F.3d 1143 (10th Cir. 2000).

[25]*Id*. at 1146-47 (citing S. Rep. No. 93-1400, at 2 (1974), *reprinted* in 1974 U.S.C.C.A.N. 7132, 7133)).

[26]*Id.* at 1147.

[27]*Id*. at 1146.

[28]*Id.*

The Court has carefully reviewed the parties' briefs on this issue and has reacquainted itself with its prior rulings on the trademark claims in this case. The Court does not find that this is an exceptional case which warrants an award of fees. The Court is not convinced that American's trademark claims should be deemed "unfounded" within the meaning of 15 U.S.C. § 1117(a) or that American acted in bad faith or in a harassing or vexatious manner in filing its trademark claims. The trademark claims were dismissed on purely procedural grounds, and the Court never reached the merits of them.

One could argue that American should have known its federal claims would be barred by res judicata, collateral estoppel, or the compulsory counterclaim rule. On the other hand, it is apparent to the Court that American truly believed it had preserved its rights to prosecute its federal claims. In the "Voluntary Withdrawal of Answer, Counterclaim, and Third-Party Claims" that American filed in the State Court Action, American noted that Toytrackerz sought relief only under Kansas law and American stated that although it did not object to the entry of an order "declaring the rights of the parties hereto with regard to *Kansas law*," it planned to persist in enforcing its rights under *federal law*.[29] Further, American expressly noted that it had filed a complaint in federal court in the Western District of Missouri to enforce its rights under federal law.[30] Clearly, Plaintiff was mistaken about the legal effect its withdrawal would have on its ability to bring federal claims against Toytrackerz. American's mistake, however, is not the equivalent of bad faith or vexatiousness. Furthermore, the Court does not find that there is any other evidence of bad faith, vexatiousness, or harassing conduct in the record that would support an award of fees under this statue.

---

[29]S*ee* Voluntary Withdrawal of Answer, Countercl. and Third Party Claim in Case No. 06 CV 0004, attached as Ex. L. to Defs.' Br. in Supp. of Mot. to Dismiss (doc. 21) (emphasis added).

[30]*Id.*

Based on the foregoing, the Court, in its discretion, declines to award Movants fees under 15 U.S.C. § 1117(a).

## IV. Movants' Request for Fees Under the Copyright Act

### A. The Applicable Law

Section 505, Title 17 provides for an award of attorney's fees in trademark infringement cases. It provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.[31]

The Supreme Court in *Fogerty v. Fantasy, Inc*.[32] analyzed this statute and held that "district courts are to use their discretion in awarding attorney's fees and costs to the prevailing party."[33] The Court in *Fogerty* acknowledged that because fees under § 505 are to be awarded to prevailing parties only as a matter of the court's discretion, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"[34]

The Court suggested several nonexclusive factors for the district court to consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and

---

[31]17 U.S.C. § 505.

[32]510 U.S. 517 (1994).

[33]*Id*. at 524 n.11.

[34]*Id*. at 534 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-437 (1983)).

deterrence."[35] It held these "factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."[36]

**B. Analysis**

Again, the Court has carefully reviewed the record and the parties' arguments. The procedural background of the copyright claims is fresh in the Court's mind, having recently ruled on American's Motion for Reconsideration of the Court's Order granting Toytrackerz' Motion for Summary Judgment on the copyright infringement claims. The Court, in its discretion, declines to award fees under the Copyright Act.

Certainly, Plaintiff's evidence in opposition to Toytrackerz' Motion for Summary Judgment was lacking. The Court, however, is not convinced that Plaintiff's motivation for bringing its copyright infringement claims was in any way malicious or that American acted in bad faith. Moreover, American's attempts to demonstrate ownership of the copyrights, through obtaining the bankruptcy pleadings and assignment of rights, while belated, demonstrated that American had at least an arguable basis to believe it rightfully owned the copyrights. The Court will therefore decline to award Movants fees under 17 U.S.C. § 505.

**V. Movants' Request for Sanctions Under 28 U.S.C. § 1927**

**A. The Applicable Law**

Movants also seek an award of sanctions against Plaintiff's attorney, David Herron, II, under 28 U.S.C. § 1927. That statute provides as follows: "Any attorney . . . who so multiplies the

---

[35] *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (1986)).

[36] *Id.*

proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[37] Sanctions under § 1927 are appropriate when an attorney acts "recklessly or with indifference to the law."[38] They may also be awarded "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis," or when "the entire course of the proceedings was unwarranted."[39]

The standard for imposing sanctions of expenses and attorney's fees against a party's counsel pursuant to 28 U.S.C. § 1927 "is a difficult one to meet."[40] The decision to impose § 1927 sanctions lies within the district court's sound discretion.[41]

**B. Analysis**

The Court, in its discretion, will decline to award sanctions against Plaintiff's counsel, David Herron, II. For many of the same reasons discussed above, the Court does not find that counsel's actions were cavalier, that he acted in bad faith, or that he had any intent to mislead the Court. Certainly, the Court does not believe that the entire course of proceedings was baseless or unwarranted. Movant's request for sanctions under 28 U.S.C. § 1927 is therefore denied.

---

[37] 28 U.S.C. § 1927.

[38] *Dominion Video Satellite, Inc. v. Echostar Satellite*, 430 F.3d 1269, 1278 (10th Cir. 2005) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987)).

[39] *Id.* (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)).

[40] *U.S. ex rel. Bahrani v. Conagra, Inc.*, No. 00-cv-1077 JLK-KLM, 2009 WL 2766805, at *8 (D. Colo. Aug. 28, 2009) (citing *Braley*, 832 F.2d at 1511-12).

[41] *Dominion Video*, 430 F.3d at 1278 (citing *Griffen v. City of Okla. City*, 3 F.3d 336, 342 (10th Cir. 1993)).

**IT IS THEREFORE ORDERED** that the Motion for Attorney's Fees (doc. 86) filed by Defendants Toytrackerz, LLC and Noah Coop is denied.

**IT IS SO ORDERED.**

Dated this 31st day of March 2010, at Kansas City, Kansas.

*s/ David J. Waxse*
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties